## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | )    Chapter 11 |
| | ) |
| GNC HOLDINGS, INC., *et al.*, | )    Case No. 20-11662 (___) |
| | ) |
| Debtors.[1] | )    (Joint Administration Requested) |
| | ) |
| | ) |

## DEBTORS' THIRD (3RD) OMNIBUS MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING REJECTION OF CERTAIN UNEXPIRED LEASES EFFECTIVE AS OF THE PETITION DATE AND (B) GRANTING RELATED RELIEF

<div style="border:1px solid;">

**PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND THEIR LEASE LISTED ON <u>SCHEDULE 1</u> TO THE PROPOSED ORDER ATTACHED HERETO AS <u>EXHIBIT A</u>.**

</div>

The debtors in possession in the above-captioned cases (collectively, the "***Debtors***") hereby move (this "***Motion***") and respectfully state as follows:

### RELIEF REQUESTED

1.      By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "***Proposed Order***"): (a) authorizing the rejection of certain unexpired leases and subleases, including any guaranties, amendments or modifications thereof (each, a "***Rejection Lease***," and collectively, the "***Rejection Leases***"), a list of which is annexed as **Schedule 1** to **Exhibit A**, effective as of the Petition Date (as defined below), and (b)

---

[1]    The debtors in these Chapter 11 Cases, along with the last four digits of each debtor's United States federal tax identification number, if applicable, or other applicable identification number, are:  GNC Holdings, Inc. (6244); GNC Parent LLC (7572); GNC Corporation (5170); General Nutrition Centers, Inc. (5168); General Nutrition Corporation (4574); General Nutrition Investment Company (3878); Lucky Oldco Corporation (7141); GNC Funding, Inc. (7837); GNC International Holdings, Inc. (9873); GNC China Holdco, LLC (0004); GNC Headquarters LLC (7550); Gustine Sixth Avenue Associates, Ltd. (0731); GNC Canada Holdings, Inc. (3879); General Nutrition Centres Company (0939); GNC Government Services, LLC (2295); GNC Puerto Rico Holdings, Inc. (4559); and GNC Puerto Rico, LLC (7234).  The debtors' mailing address is 300 Sixth Avenue, Pittsburgh, Pennsylvania 15222.

authorizing the Debtors to abandon the personal property located at the premises related to the Rejection Leases (collectively, the "***Premises***") as of the Petition Date.

## JURISDICTION

2.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and, under Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are sections 105(a), 365(a) and 554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "***Bankruptcy Code***"), and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

## BACKGROUND

3.      On June 23, 2020 (the "***Petition Date***"), the Debtors filed voluntary petitions for relief in this Court, commencing cases (the "***Chapter 11 Cases***") under chapter 11 of the Bankruptcy Code.  The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been requested in these cases, and no committees have been appointed.

4.      The Debtors anticipate commencing an ancillary proceeding under Part IV of the Companies' Creditors Arrangement Act (Canada) in Toronto, Ontario, Canada before the Ontario Superior Court of Justice (Commercial List).

5.      The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these Chapter 11 Cases, is set forth in detail in the *Declaration of Tricia Tolivar, Chief Financial Officer of GNC Holdings, Inc. in Support of Chapter 11 Petitions and First Day Pleadings* (the "***First Day Declaration***")[2] filed contemporaneously herewith.  In support of the Motion, the Debtors rely upon and incorporate by reference the First Day Declaration.[3]

## MOTION SPECIFIC BACKGROUND

6.      As described in detail in the First Day Declaration, the Debtors have today filed these Chapter 11 Cases amid an unprecedented health crisis with difficult social, political and economic implications.  While the Debtors would have preferred to wait out the current instabilities of the financial markets and retail industry, they simply could not afford to do so.  The relief sought in this Motion is critical to preserve liquidity and maintain the Debtors' viability as a going concern.

## I.    THE REJECTION LEASES

7.      As of the Petition Date, the Debtors are parties to approximately 3,616 real property leases in the United States, Canada and Puerto Rico, 772 of which are subleased to 330 franchisees. As part of their ongoing restructuring efforts, the Debtors are engaging in a comprehensive review

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

[3]    The First Day Declaration and other relevant case information is available from (a) the Court's website, www.deb.uscourts.gov, and (b) the website maintained by the Debtors' proposed claims and noticing agent, Prime Clerk LLC, at https://cases.primeclerk.com/gnc.

and analysis of their lease portfolio.  After careful evaluation, the Debtors have identified 48 stores to be rejected (the "***Rejection Stores***").   As such, the Debtors have determined, in the exercise of their business judgment, that it is in the best interests of their estates to seek authority to reject the Rejection Leases associated with the Rejection Stores as of the Petition Date.  Rejecting the Rejection Leases will allow the Debtors to avoid the accrual of unnecessary administrative expenses with no foreseeable benefits to the Debtors' estates.  Moreover, given the obligations under the Rejection Leases and current market conditions, the Debtors have concluded, in consultation with their advisors, that the Rejection Leases are not marketable and are unlikely to generate material value for the Debtors' estates.

8.      On June 18, 2020, the Debtors sent letters to each landlord counterparty (the "***Landlords***") to the Rejection Leases, which were delivered no later than the Petition Date, notifying them that the Debtors were unequivocally surrendering possession of the Premises and abandoning any Debtor-owned personal property in conjunction therewith as of such time.

## II.      REMAINING PROPERTY

9.      Certain Rejection Stores store property that belongs to the Debtors, including, but not limited to, inventory, books and records, equipment, fixtures, furniture and other personal property (the "***Remaining Property***").   Before the Debtors vacated the Premises, the Debtors evaluated the Remaining Property located at the Premises and determined that (a) the Remaining Property is of inconsequential value or (b) the cost of removing and storing the Remaining Property for future use, marketing, or sale exceeded its value to the Debtors' estates.  Because the Debtors have no intent to operate the stores at the Premises, the Remaining Property will no longer be necessary for the administration of the Debtors' estates.

26685980.1

10.    Accordingly, to reduce postpetition administrative costs and in the exercise of the Debtors' sound business judgment, the Debtors believe that the abandonment of the Remaining Property is appropriate and in the best interests of the Debtors, their estates, and their creditors.

**BASIS FOR RELIEF**

## I.    REJECTION OF THE REJECTION LEASES REFLECTS THE DEBTORS' SOUND BUSINESS JUDGMENT.

11.    Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).  The purpose behind section 365(a) is "to permit the trustee or debtor-in-possession to use valuable property of the estate and to renounce title to and abandon burdensome property."  *In re Republic Airways Holdings Inc.,* 547 B.R. 578, 582 (Bankr. S.D.N.Y. 2016) (quoting *In re Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1098 (2d Cir. 1993)); *see also In re Exide Techs.,* 607 F.3d 957, 967 (3d Cir. 2010) ("Courts may use § 365 to free a [debtor] from burdensome duties that hinder its reorganization."); *N.L.R.B. v. Bildisco and Bildisco* (*In re Bildisco*)*,* 465 U.S. 513, 528 (1984) ("[t]he authority to reject an executory contract is vital to the basic purpose to a Chapter 11 reorganization, because rejection can release the debtor's estate from burdensome obligations that can impede a successful reorganization.").  Pursuant to Bankruptcy Rule 6006(f), a trustee or debtor in possession may file a motion for the authority to reject multiple leases.  Fed. R. Bankr. P. 6006(f).

12.    The standard applied by courts to determine whether the assumption or rejection of an unexpired nonresidential lease should be authorized is the "business judgment" test, which requires a debtor to have determined that the requested assumption or rejection would be beneficial to its estate.  *See Grp. Of Institutional Inv'rs v. Chi., Milwaukee St. Paul & Pac. R.R.,* 318 U.S. 523, 550 (1943) (noting that "the question whether a lease should be rejected…is one of business

judgment"); *In re Bildisco,* 682 F.2d 72, 79 (3d Cir. 1982), *aff'd,* 465 U.S. 513 ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); *accord In re HQ Glob. Holdings, Inc.,* 290 B.R. 507, 511 (Bankr. D. Del. 2003).

13.     In applying the business judgment standard, bankruptcy courts give deference to a debtor's decision to assume or reject leases.  *See, e.g., Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.,* 872 F.2d 36, 39-40 (3d Cir. 1989) (affirming the rejection of a service agreement as a sound exercise of the debtor's business judgment when the bankruptcy court found that such rejection would benefit the debtors' estate); *In re Trans World Airlines, Inc.,* 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("[A] debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim, or caprice.").

14.     Rejection of the Rejection Leases is well within the Debtors' business judgment and will serve to maximize the value of their estates.  The Debtors seek authority to reject the Rejection Leases to avoid the incurrence of any additional unnecessary expenses related to the Rejection Leases and the maintenance of the Rejection Stores.  The Debtors have concluded that the cost of maintaining the Rejection Stores outweighs any revenues that the Rejection Stores currently generate or are likely to generate in the future.

15.     After evaluation and analysis, the Debtors have determined, in the exercise of their sound business judgment, that there is no net benefit that is likely to be realized from the Debtors' continued efforts to retain and potentially market the Rejection Leases and that there is little, if any, likelihood that the Debtors will be able to realize value from the Rejection Leases. Accordingly, the Debtors have concluded that rejection of the Rejection Leases is in the best interest of the Debtors' estates, their creditors, and other parties in interest.

## II.    THE COURT SHOULD DEEM THE REJECTION LEASES REJECTED EFFECTIVE AS OF THE PETITION DATE AND AUTHORIZE DEBTORS TO ABANDON THE REMAINING PROPERTY.

16.    Section 365 of the Bankruptcy Code does not restrict a bankruptcy court from applying rejection retroactively.  *See In re Jamesway Corp.*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can approve rejection"); *see also In re CCI Wireless, LLC*, 297 B.R. 133, 138 (D. Colo. 2003) (noting that section 365 "does not prohibit the bankruptcy court from allowing the rejection of leases to apply retroactively").

17.    Courts have held that a bankruptcy court may, in its discretion, authorize rejection retroactively to a date prior to entry of an order authorizing such rejection where the balance of equities favors such relief.  *See In re Thinking Machs. Corp.*, 67 F.3d 1021, 1029 (1st Cir. 1995) (stating that "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively"); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (stating "the court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)"); *In re CCI Wireless, LLC*, 297 B.R. at 140 (holding that a "court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject").

18.    Here, the equities of these Chapter 11 Cases favor the Court's approval of the retroactive rejection of the Rejection Leases to the Petition Date.  Without such relief, the Debtors will potentially incur unnecessary administrative expenses related to the Rejection Leases—agreements that provide no benefit to the Debtors' estates in light of their goal to maximize value of the business as a going concern.  *See* 11 U.S.C. § 365(d)(3).

19.     Moreover, the Landlords will not be unduly prejudiced if the Rejection Leases are rejected effective as of the Petition Date because the Debtors have served this Motion on the Landlords and/or their agents or representatives by electronic mail and/or facsimile, on the date hereof, and by overnight mail, the following day, stating that the Debtors intend to reject the Rejection Leases effective as of the Petition Date.  Furthermore, the Debtors have, on or before the date hereof, turned over the keys to the Premises to the Landlords or their representatives and abandoned the Premises, and in conjunction therewith indicated that they were unequivocally surrendering possession of the Premises as a result thereof.  Therefore, based on the Debtors' desire to eliminate the potential for administrative claims against their estates, and to avoid the potential accrual of any further obligations under the Rejection Leases, the Debtors respectfully submit that the retroactive rejection of the Rejection Leases as of the Petition Date is appropriate.

20.     Further, the abandonment of the Remaining Property is appropriate and authorized by the Bankruptcy Code.  *See* 11 U.S.C. § 554(a).  Section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  *Id.*  Courts generally give a debtor in possession great deference to its decision to abandon property.  *See In re Vel Rey Props., Inc.*, 174 B.R. 859, 867 (Bankr. D.D.C. 1994) ("Clearly, the court should give deference to the trustee's judgment in such matters.").  Unless certain property is harmful to the public, once a debtor has shown that it is burdensome or of inconsequential value to the estate, a court should approve the abandonment.  *Id.*

21.     Before deciding to abandon any Remaining Property, the Debtors determined that the costs of moving and storing such Remaining Property outweighed any benefit to the Debtors'

8

estates.  Further, any efforts by the Debtors to move or market the Remaining Property would have unnecessarily delayed the Debtors' rejection of the Rejection Leases.

22.     Accordingly, the Debtors respectfully submit that the Court deem the Rejection Leases rejected effective as of the Petition Date and authorize the Debtors to abandon the Remaining Property as of such date.

## RESERVATION OF RIGHTS

23.     Nothing in this Motion shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

## NOTICE

24.     Notice of this Motion will be given to: (a) the United States Trustee for the District of Delaware; (b) counsel to the agent for the Debtors' DIP Term Facility; (c) counsel to the agent for the Debtors' DIP ABL FILO Facility; (d) counsel to the Ad Hoc Group of Crossover Lenders; (e) counsel to the Ad Hoc FILO Term Lender Group; (f) counsel to the agent under the Debtors' secured term and asset-based financing facilities; (g) the indenture trustee for the Debtors' prepetition convertible notes; (h) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; (i) the United States Attorney's Office for the District of Delaware; (j) the attorneys general for all 50 states and the District of Columbia; (k) the United States Department of Justice; (l) the Internal Revenue Service; (m) the Securities and Exchange

26685980.1

9

Commission; (n) the United States Drug Enforcement Agency; (o) the United States Food and Drug Administration; (p) the counterparties to the Rejection Leases (via overnight mail) and (q) all parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, under the circumstances, no other or further notice is required.

[*Remainder of page intentionally left blank.*]

26685980.1

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order, granting the relief requested in this Motion and such other relief as may be just and proper.

Dated: June 24, 2020
       Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

  */s/ Joseph M. Mulvihill*
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Andrew L. Magaziner (No. 5426)
Joseph M. Mulvihill (No. 6061)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 571-6600
Facsimile:   (302) 571-1253
Email:      mnestor@ycst.com
          kcoyle@ycst.com
          amagaziner@ycst.com
          jmulvihill@ycst.com

**LATHAM & WATKINS LLP**
Richard A. Levy (*pro hac vice* pending)
Caroline A. Reckler (*pro hac vice* pending)
Asif Attarwala (*pro hac vice* pending)
Brett V. Newman (*pro hac vice* pending)
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:   (312) 876-7700
Facsimile:   (312) 993-9767
Email:      richard.levy@lw.com
          caroline.reckler@lw.com
          asif.attarwala@lw.com
          brett.newman@lw.com

- and -

George A. Davis (*pro hac vice* pending)
Jeffrey T. Mispagel (*pro hac vice* pending)
885 Third Avenue
New York, New York 10022
Telephone:   (212) 906-1200
Facsimile:   (212) 751-4864
Email:      george.davis@lw.com
          jeffrey.mispagel@lw.com

*Proposed Counsel for Debtors and Debtors in Possession*

# **EXHIBIT A**

## **Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GNC HOLDINGS, INC., *et al.*, | ) Case No. 20-11662 (___) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |
| | ) Re: Docket No. ___ |

## THIRD (3RD) OMNIBUS ORDER (A)
## AUTHORIZING REJECTION OF CERTAIN UNEXPIRED LEASES
## EFFECTIVE AS OF THE PETITION DATE AND (B) GRANTING RELATED RELIEF

Upon the motion (the "***Motion***")[2] of the Debtors for an order (this "***Order***"), (a) authorizing the Debtors to reject certain unexpired leases of real property (each, a "***Rejection Lease***," and collectively, the "***Rejection Leases***"), a list of which is annexed as **Schedule 1** hereto, effective as of the Petition Date; and (b) authorizing the Debtors to abandon the Remaining Property located at the Premises as of the Petition Date; and this Court having reviewed the Motion and the First Day Declaration; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United

---

[1] The debtors in these Chapter 11 Cases, along with the last four digits of each debtor's United States federal tax identification number, if applicable, or other applicable identification number, are: GNC Holdings, Inc. (6244); GNC Parent LLC (7572); GNC Corporation (5170); General Nutrition Centers, Inc. (5168); General Nutrition Corporation (4574); General Nutrition Investment Company (3878); Lucky Oldco Corporation (7141); GNC Funding, Inc. (7837); GNC International Holdings, Inc. (9873); GNC China Holdco, LLC (0004); GNC Headquarters LLC (7550); Gustine Sixth Avenue Associates, Ltd. (0731); GNC Canada Holdings, Inc. (3879); General Nutrition Centres Company (0939); GNC Government Services, LLC (2295); GNC Puerto Rico Holdings, Inc. (4559); and GNC Puerto Rico, LLC (7234). The debtors' mailing address is 300 Sixth Avenue, Pittsburgh, Pennsylvania 15222.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

26685980.1

States District Court for the District of Delaware dated as of February 29, 2012; and consideration

of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2);

and this Court having authority to enter a final order consistent with Article III of the United States

Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and it

appearing that proper and adequate notice of the Motion has been given and that no other or further

notice is necessary; and upon the First Day Declaration and all of the proceedings before this

Court; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is

hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      Pursuant to sections 105(a) and 365 of the Bankruptcy Code, and Bankruptcy Rule

6006, the Rejection Leases identified in **Schedule 1** attached hereto, to the extent not already

terminated in accordance with their applicable terms or upon agreement of the parties, are hereby

rejected effective as of the Petition Date.

3.      The Debtors are authorized, but not directed, to abandon the Remaining Property that

is owned by the Debtors and located on the Premises and all such property is deemed abandoned

effective as of the Petition Date.   The Landlords to each Rejection Lease are authorized to dispose

of the abandoned Remaining Property without liability to the Debtors or any third party and, to the

extent applicable, the automatic stay is modified to allow such disposition.

4.      Nothing herein shall prejudice any party's rights to assert that the Rejection Leases

are not, in fact, executory within the meaning of section 365 of the Bankruptcy Code.

26685980.1

5.      Any proofs of claim for damages in connection with the rejection of the Rejection Leases, if any, shall be filed on or before the later of (a) the claims bar date established by the Court in these Chapter 11 Cases, if any, and (b) thirty (30) days after entry of this Order.

6.      Nothing in the Motion or this Order, shall be construed as: (i) an admission as to the validity of any claim against any Debtor or the existence of any lien against the Debtors' properties; (ii) a waiver of the Debtors' rights to Dispute any claim or lien on any grounds; (iii) a promise to pay any claim; or (iv) an implication or admission that any particular claim would constitute an allowed claim.  Nothing contained in this Order shall be deemed to increase, decrease, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

7.      The requirements set forth in Bankruptcy Rules 6006 and 6007 are satisfied.

8.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: _____, 2020
           Wilmington, Delaware         _____
                                          United States Bankruptcy Judge

26685980.1

3

**Schedule 1**

|     | Store No. | Counterparty Landlord and Address | Debtor Counterparty | Leased Location |
| --- | --- | --- | --- | --- |
| 1. | 1174 | Brookfield Properties<br>Brookfield Property Partners L.P.<br>350 N. Orleans Street, Suite 300<br>Chicago, IL 60654 | General Nutrition Corporation | Piere Bossier Mall #520<br>2950 East Texas Ave.<br>Bossier City, LA |
| 2. | 2278 | YAM Properties<br>15750 N. Northsight Blvd<br>Scottsdale, AZ 85260 | General Nutrition Corporation | Grayhawk Plaza<br>20701 N. Scotsdale Rd<br>Scottsdale, AZ |
| 3. | 2655 | Rockstep Capital Corporation<br>1445 North Loop West , Suite 625<br>Houston, TX 77008 | General Nutrition Corporation | Janesville Mall<br>2500 Milton Ave<br>Janesville, WI |
| 4. | 4001 | OPB (EMTC) Inc.<br>c/o Cushman & Wakefield<br>Asset Services Inc.<br>5100 Erin Mills Parkway<br>Mississuaga , ON L5M 4Z5 | General Nutrition Centres Company | Erin Mills Town Centre<br>5100 Erin Mills Pkwy<br>Mississauga, ON |
| 5. | 4013 | CF Realty Holdings Inc<br>20 Queen Street W<br>Toronto , ON M5H 3R4 | General Nutrition Centres Company | Masonville Place<br>1680 Richmond St North<br>London, ON |
| 6. | 4029 | 2725312 Canada Inc.<br>c/o 2973758 Canada Inc.<br>1055 Dunsmuir Street, Suite 1800<br>Vancouver , BC V7X 1B1 | General Nutrition Centres Company | Willowbrook S.C.<br>19705 Fraser Hwy<br>Langley, BC |
| 7. | 4031 | Shape Properties, Inc.<br>2020 One Bentall<br>Centre 505 Burrard Street , Box 206<br>Vancouver , BC V7X 1M6 | General Nutrition Centres Company | Brentwood Mall<br>4567 Lougheed Highway<br>Burnaby, BC |
| 8. | 4042 | Hoopp Realty Inc.<br>c/o Cushman & Wakefield<br>Asset Services Inc.<br>One Queen Street East, Suite 300<br>Toronto, ON M5C 2W5 | General Nutrition Centres Company | Marlborough Mall<br>51A Memorial Drive NE<br>Calgary, AB |

| | Store No. | Counterparty Landlord and Address | Debtor Counterparty | Leased Location |
|---|---|---|---|---|
| 9. | 4047 | Bonnie Doon Shopping Centre LTD c/o Morguard Investments Limited 214 82nd Avenue and 83rd Street Edmonton, AB T6C 4E3 | General Nutrition Centres Company | Bonnie Doon S.C. 82nd Ave & 83rd St Edmonton, AB |
| 10. | 4163 | Calloway Real Estate Investment Trust Inc. 700 Applewood Crescent, Suite 100 Vaughan, Ontario L4K 5X3 | General Nutrition Centres Company | Smartcentres Corner Brook 22 Murphy Square Corner Brook, NL |
| 11. | 4166 | First Capital (Morningside) Corporation Attn: Sr VP Central Canada & VP Legal Affairs 85 Hanna Avenue, Suite 400 Toronto, Ontario M6K 3S3 | General Nutrition Centres Company | Morningside Crossing 4525 Kingston Road Scarborough, ON |
| 12. | 4168 | Max Becker Enterprised Limited c/o Schlegel Urban Development Williamsburg TC 325 Max Becker Drive, Suite 201 Kitchener , Ontario N2E 4H5 | General Nutrition Centres Company | Williamsburg TC 325 Max Becker Dr Kitchener, ON |
| 13. | 4236 | Mayfair Shopping Centre LP 95 Wellington Street West, Suite 300 Toronto , Ontario M5J 2R2 | General Nutrition Centres Company | Mayfair Shopping Centre 3147 Douglas Street Victoria, BC |
| 14. | 4240 | BC IMC Realty Corporation c/o Quad Real Property Group, LP 199 Bay Street , Suite 2100 Toronto , Ontario M5L 1G2 | General Nutrition Centres Company | Bower Place 4900 Molly Banister Dr Red Deer, AB |
| 15. | 4282 | First Queensborough Shopping Centres Limited 700 Applewood Crescent, Suite 100 Vaughan, Ontario L4K 5X3 | General Nutrition Centres Company | Queensborough Landing 805 Boyd St New Westminster, BC |
| 16. | 4500 | Riokim Holdings (Alberta) Inc., c/o RioCan Real Estate Investment Trust Rio Can Yonge Eglinton Centre 2300 Younge Street, Suite 500 Toronto , Canada M4P 1E4 | General Nutrition Centres Company | Shawnessy Town Centre 210-350 Shawville Blvd SE Calgary, AB |

26685980.1

|  | Store No. | Counterparty Landlord and Address | Debtor Counterparty | Leased Location |
|---|---|---|---|---|
| 17. | 5225 | Shepherd Investors, LP<br>1800 Post Oak Blvd, Suite 400<br>Houston , TX 77056 | General Nutrition Corporation | Sheppard Square<br>2055 Westheimer<br>Houston, TX |
| 18. | 6097 | Arboretum Joint Venture LLC<br>c/o American Asset Corporation<br>3700 Arco Corporate Drive, Suite 350<br>Charlotte, NC 28273 | General Nutrition Corporation | The Arboretum Shopping Ce<br>3339 Pineville Matthews<br>Charlotte, NC |
| 19. | 6194 | Oviedo Mall Holding LLC<br>1700 Oviedo Mall Blvd.<br>Oviedo, FL 32765 | General Nutrition Corporation | Oviedo Marketplace<br>1385 Oviedo Marketplace B<br>Oviedo, FL |
| 20. | 6389 | Flaum Mgmt<br>400 Andrews Street , Suite 500<br>Rochester, NY 14604 | General Nutrition Corporation | Genesee Valley S. C.<br>4290 Lakeville Rd<br>Geneseo, NY |
| 21. | 8997 | Weingarten Realty<br>4440 N. 36th Street , Suite 200<br>Phoenix , AZ 85018 | General Nutrition Corporation | Madera Village<br>9121 E. Tanque Verde Rd<br>Tucson, AZ |
| 22. | 8693 | Rancho Marketplace Gateway, LLC<br>c/o California Drive-In Theatres Inc<br>120 North Robertson Blvd.<br>Los Angeles , CA 90048 | General Nutrition Corporation | Rancho Marketplace S/C<br>Burbank, CA |
| 23. | 9482 | Mountain Gate-Corona LP<br>13 Corporate Plaza, #150<br>Newport Beach , VA 92660 | General Nutrition Corporation | Mountain Gate Plaza<br>160 W. Foothill Parkway<br>Corona, CA |
| 24. | 3905 | Mirage Marketplace Partners One LLC<br>567 San Nicolas Drive, #130<br>Newport Beach , CA 92660 | General Nutrition Corporation | Monterey Marketplace<br>Rancho Mirage, CA |
| 25. | 3201 | Redmond Plaza II, LLC<br>c/o Woodbury Corporation<br>2733 East Parleys Way, Suite 300<br>Salt Lake City, UT 84109 | General Nutrition Corporation | Village At Redmond Ridge<br>23535 NE Novelty Hill Rd<br>Redmond, WA |
| 26. | 3180 | Hathaway Properties LLC<br>820 S. Greenville West Drive<br>Greenville, MI 48838 | General Nutrition Corporation | The Marketplace Shoppes<br>Greenville, MI |

3

| | Store No. | Counterparty Landlord and Address | Debtor Counterparty | Leased Location |
|---|---|---|---|---|
| 27. | 1175 | Grand Avenue City Mall, LLC<br>275 West Wisconsin Ave.<br>Milwaukee, WI 53203 | General Nutrition Corporation | The Shops Of Grand Avenue<br>Milwaukee, WI |
| 28. | 7620 | PMF Investments LLC<br>c/o Franklin Pacific<br>15015 Main Street, Suite 203<br>Bellevue , WA 98007 | General Nutrition Corporation | Green Firs Shopping Cntre<br>University Place, WA |
| 29. | 9024 | Riverside Landing LLC<br>c/o Dickinson Development Corp.<br>1266 Furnace Brook Parkway<br>Quincy, MA 02746 | General Nutrition Corporation | Riverside Landing<br>81 Coggeshall St<br>New Bedford, MA |
| 30. | 6508 | NW Blakeney Retail LLC<br>c/o Northwood Investors<br>575 Fifth Avenue, 23rd Floor<br>New York, NY 10017 | General Nutrition Corporation | Blakeney Shop Center<br>9864 Rea Road<br>Charlotte, NC |
| 31. | 1137 | Dover Parkade LLC<br>c/o Paramount Realty Services Inc.<br>1195 Route 70, Suite 2000<br>Lakewood, NJ 08701 | General Nutrition Corporation | Tri-City Plaza<br>2360 Route 9<br>Toms River, NJ |
| 32. | 6336 | Cano, Inc.<br>2500 Eldo Road, Suite 1<br>Monroeville , PA 15146 | General Nutrition Corporation | Andover Marketplace<br>1966 Bunker Lake Blvd<br>Andover, MN |
| 33. | 3034 | Weikel Rancho Bernardo LP<br>c/o Boardwalk Development Inc.<br>16909 West Bernardo Drive<br>San Diego, CA 92127 | General Nutrition Corporation | Rancho Bernardo Town Cent<br>11952 Bernardo Plaza Dr<br>Rancho Bernardo, CA |
| 34. | 5771 | Buzz Oates LLC<br>c/o Buzz Oats Management Services<br>8615 Elder Creek Road<br>Sacramento , CA 95828 | General Nutrition Corporation | Riverpoint Marketplace<br>775 Ikea Ct<br>West Sacramento, CA |
| 35. | 3310 | 261 West, LLC<br>c/o Haymes Investment Company<br>261 West LLC<br>c/o Haymes Investment Company | General Nutrition Corporation | 360 Eighth Ave<br>360 8th Avenue<br>New York, NY |

26685980.1

|  | Store No. | Counterparty Landlord and Address | Debtor Counterparty | Leased Location |
|---|---|---|---|---|
|  |  | 5 Penn Plaza, 24th Floor<br>New York, NY 10001 |  |  |
| 36. | 7176 | Marquee-Brawley, LLC<br>8255 Towne Center Drive, #950<br>San Diego, CA 92121 | General Nutrition Corporation | Brawley Gateway<br>1050 S Brawley Ave 102<br>Brawley, CA |
| 37. | 6665 | BDG Gotham Plaza LLC<br>c/o Blumenfeld Development Group Ltd<br>300 Robins Lane<br>Syosset , NY 11791 | General Nutrition Corporation | 163 E 125th St<br>New York, NY |
| 38. | 7894 | National Realty Corporation<br>Attn: Lori Braccili<br>1001 Baltimore Pike<br>Springfield, PA 19064 | General Nutrition Corporation | Edgmont Square S/C<br>4815 West Chester Pike<br>Newtown Square, PA |
| 39. | 2464 | PC Sterling Height LLC<br>1303 Riverplace Boulevard, #1900<br>Jacksonville, FL 32207 | General Nutrition Corporation | Forum @ Gateways<br>44625 Mound Road<br>Sterling Heights, MI |
| 40. | 2496 | Rockstep Willmar, LLC<br>1445 North Loop West, Suite 625<br>Houston, TX 77098 | General Nutrition Corporation | Kandi Mall<br>1605 First Street South<br>Willmar, MN |
| 41. | 3446 | Southpark Mall LLC<br>1 East Wacker Street, Suite 3600<br>Chicago, IL 60601 | General Nutrition Corporation | Southpark Mall<br>500 Southpark Center<br>Strongsville, OH |
| 42. | 3890 | Optimus Mason, LLC<br>1900 Polaris Parkway, Suite 425<br>Columbus, OH 43240 | General Nutrition Corporation | The Shoppes Of Mason<br>5220 Kings Mills Road<br>Mason, OH |
| 43. | 7148 | Terramar Retail Centers LLC<br>4695 MacAuthur Ct.<br>Newport Beach, CA 92660 | General Nutrition Corporation | Tierrasanta Town Center<br>10645-G Tierrasanta Blvd<br>San Diego, CA |
| 44. | 9841 | Osborne Place LLC<br>4967 S. 155th Street<br>Omaha, NE 68137 | General Nutrition Corporation | One Osborne Place<br>4103 Osborne Dr. W.<br>Hastings, NE |

26685980.1

|  | Store No. | Counterparty Landlord and Address | Debtor Counterparty | Leased Location |
|---|---|---|---|---|
| 45. | 3019 | Union Square Investments LP c/o Pacific Rim Financial Corp 30 Baywood Avenue San Mateo, CA 94402 | General Nutrition Corporation | Union Square M/P 1748 Decoto Road Union City, CA |
| 46. | 7420 | Cross Pointe Developers LLC 1224 Mill Street Building D, Suite 103 East Berline, CT 06023 | General Nutrition Corporation | Cross Pointe Center 1250-L Western Blvd Jacksonville, NC |
| 47. | 274 | Publix Super Markets Inc Attn: VP Real Estate 3300 Publix Corporate Parkway Lakeland, FL 33811 | General Nutrition Corporation | Dupont Lakes Sc 2783 Elkcam Blvd Deltona, FL |
| 48. | 3417 | Micromont Holdings 6, LLC c/o US Restaurant Properties 8140 Walnut Hill Lane, Suite 400 Dallas, TX 75231 | General Nutrition Corporation | E 17th Ave Retail 1508 E 17th Ave Hutchinson, KS |