UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE | * | CASE NO. 20-11662 (KBO) |
| | * | |
| GNC HOLDINGS, INC., *et al.*,[1] | * | CHAPTER 11 |
| | * | |
| Debtors, | * | (Joint Administration Requested) |
| | * | |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS WITH RESPECT TO: (I) THE FIFTH AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF GNC HOLDINGS, INC. AND ITS DEBTOR AFFILIATES UNDER CHAPTER 11 OF THE BANKRUPTCY CODE; AND (II) TO THE ASSUMPTION OF A CERTAIN EXECUTORY CONTRACT OF AUTOMOTIVE RENTALS, INC. AND ARI FLEET LT**

Automotive Rentals, Inc. and ARI Fleet LT (collectively "**ARI**"), hereby submit this limited objection and reservations of rights (the "**Objection**") to the Fifth Amended Joint Chapter 11 Plan of Reorganization [D.I. 1301] (the "Plan") filed by the Debtors and to the proposed assumption and cure amounts provided as part of the Plan, and in support thereof, state as follows:

**BACKGROUND**

1.  On June 23, 2020 (the "**Petition Date**"), the above-captioned debtors (the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the District of Delaware (the "**Court**").

2.  One of the Debtors, General Nutrition Centers, Inc., a Delaware corporation ("**GNC, Inc.**"), and ARI are parties to, among other things that certain Master Services Agreement dated May 19, 2017, and other agreements, including, without limitation, the Motor Vehicle Lease

---

[1] The debtors in these Chapter 11 cases, along with the last four digits of each debtor's United States federal tax identification number, if applicable, or other applicable identification number, are: GNC Holdings, Inc. (6244); GNC Parent LLC (7572); GNC Corporation (5170); General Nutrition Centers, Inc. (5168); General Nutrition Corporation (4574); General Nutrition Investment Company (3878); Lucky Oldco Corporation (7141); GNC Funding, Inc. (7837); GNC International Holdings, Inc. (9873); GNC China Holdco, LLC (0004); GNC Headquarters LLC (7550); Gustine Sixth Avenue Associates, Ltd. (0731); GNC Canada Holdings, Inc. (3879); General Nutrition Centres Company (0939); GNC Government Services, LLC (2226); GNC Puerto Rico Holdings, Inc. (4559); and GNC Puerto Rico, LLC (7234). The debtors' mailing address is 300 Sixth Avenue, Pittsburgh, Pennsylvania 15222.

1

Agreements related thereto (collectively, the "**Lease Agreement**"), which Lease Agreement evidences the obligations of GNC, Inc. to ARI. Copies of the Master Services Agreement and the Motor Vehicle Lease Agreements are in GNC, Inc.'s possession and have not been attached because of their volume, but are available upon request from ARI.

3. The Lease Agreement is both an executory contract and an unexpired lease of personal property as those terms are used in § 365(d)(5) and other provisions of the Bankruptcy Code. Approximately 140 vehicles that are owned by ARI are leased by ARI to GNC, Inc. and serviced pursuant to the Lease Agreement as of the Petition Date.

4. For the reasons set forth below, ARI files this Objection to the Notice and Stalking Horse Agreement.

## OBJECTION

A. **Cure Amounts**

5. The total amount owed to ARI under the Lease Agreement as of the Petition Date, was at least **$181,878.41** in connection with the Lease Agreement, plus any and all applicable fees, costs, expenses, charges and other amounts as described later in this Objection, and less any amounts due by ARI to GNC, Inc. under the Lease Agreement or otherwise, which, as of the Petition Date, amounted to **$1,869.27**. Copies of the aforementioned invoices are in GNC, Inc.'s possession and have not been attached because of their volume, but are available from ARI upon request.

6. In addition, ARI is owed (a) amounts related to the indemnity obligations owed by GNC, Inc. to ARI that arise under the Lease Agreement and/or applicable law, which amounts are unliquidated as of the time of the filing of this Objection (the "**GNC, Inc. Indemnity Obligations**"), and (b) **$242,978.08** as of August 17, 2020, for goods and services provided by ARI to GNC, Inc. pursuant to the Lease Agreement after the Petition Date through August 17,

2020, in connection with the continued utilization by GNC, Inc. of the goods and services provided by ARI, and the continued accrual of amounts owed to ARI, under the Lease Agreement, which amounts remain unpaid and are due, plus any and all applicable fees, costs, expenses, charges and other amounts that may come due after August 17, 2020, and less any amounts due by ARI to GNC, Inc. under the Lease Agreement or otherwise that have come due after the Petition Date, which, as of August 17, 2020, amounted to **$14,752.11**. Copies of aforementioned invoices are in GNC, Inc.'s possession and have not been attached because of their volume, but are available from ARI upon request.

7.      Additional amounts may become due to ARI under the Lease Agreement in connection with the failure of GNC, Inc. to satisfy its obligations owed to ARI thereunder. For example, under the terms and conditions of the Lease Agreement that operate in favor of ARI and that are more particularly set forth therein, GNC, Inc.'s obligations to ARI include, without limitation, the following:

- a. To pay ARI (i) monthly rental payments due thereunder, and (ii) a late payment penalty in an amount equal to the then current prime rate of interest plus two percent per annum applied to any amount due that is not in the possession of ARI as of the due date (*See* Article 1.a,);

- b. To reimburse ARI for the cost of state and local inspections, license tags, plates and any certificates of title, notary fees, lien recording fees, clerk fees, registrations and similar compliances required by law, and all federal, state, and local taxes not included in the cost of the vehicle (*See* Article 2);

- c. Upon replacement or retirement of any vehicle leased, to surrender possession of such vehicle at the point same was originally delivered to GNC, Inc. or at such other point agreeable to ARI (*See* Appx A(1), Sec. 11-13);

- d. With regard to vehicles leased thereunder after possession thereof has been surrendered by the Lessee, to pay ARI the costs and fees associated with the sale of such vehicles as set forth in the Lease Agreement (Appx A(1), Sec. 14.a);

    e.    That after possession of any vehicle has been surrendered by the Lessee to ARI, to pay ARI the deficiency due if the net resale proceeds generated by the resale of any of the vehicles are less than the depreciated value of the sold vehicle (*See* Appx A(1), Sec. 14.b);

    f.    To maintain, service and keep in good repair each vehicle at its own expense (*See* Article 4);

    g.    To pay all fees, costs, expenses and other amount related to the Maintenance Management Program WEX Card Program, Fleet Insurance Management Program, Licensing Management Program, Fringe Benefit Report Program, Fleet Administration Program, Toll Management Program, Vehicle Remarketing Program, On-Line Driver Training Module Program, Violations Program, Skills Assessment Program and other goods and services provided by ARI (*See* Appx. A(5));

    h.    To repair the vehicles in the event the vehicles are damaged (*See* Appx. A(1), Section 18);

    i.    To insure the vehicles and to bear all risk of loss or damage to each leased vehicle and the contents thereof (*See* Appx. A(1), Section 19);

    j.    To indemnify and hold harmless ARI and ARI's agents and employees against all loss or liability (including costs and reasonable attorney's fees) arising out of or connected with the delay in delivery of any vehicle, and/or the use, condition, operation, maintenance and possession of any vehicle during GNC, Inc.'s possession thereof or any loss or liability resulting from any repair, maintenance or service work performed on any vehicle; and to take upon itself the settlement of all such claims and the defense of any suit or suits, or legal proceedings of any kind brought to enforce any such claim or claims, the payment of all judgments entered in any such suit or suits, whether or not ARI is a party-defendant thereto (*See* Article 5.a.);

    k.    To pay any and all attorney's fees incurred by ARI in the collection of amounts due thereunder (*See* Article 7).

8.    In order to assume and/or assign the Lease Agreement and the Other Agreement, the Debtor must cure the aforementioned defaults.

**B.**    <u>**Objection**</u>

ARI joins in and adopts the arguments made in the LIMITED OBJECTION TO AND RESERVATION OF RIGHTS WITH RESPECT TO: (I) THE FIFTH AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF GNC HOLDINGS, INC. AND ITS DEBTOR

AFFILIATES UNDER CHAPTER 11 OF THE BANKRUPTCY CODE; AND (II) TO THE ASSUMPTION OF A CERTAIN EXECUTORY CONTRACT filed herein previously by Rite Aid Hdqtrs. Corp. [D.I. 1314].

**C.     Reservation of Rights**

9.     This Objection is without prejudice to the fact that other and additional cure claim amounts (a) may exist and/or may become known at a future date and (b) will accrue on an ongoing basis between the filings of this Objection and any subsequent assumption of the Lease Agreement. ARI expressly reserves its right to amend or supplement this Objection, through and including the effective date of any proposed assumption and assignment of the Lease Agreement and to assert its entitlement to other and further relief.

10.    The claim of ARI for the amounts owed, and that become due, to ARI pursuant to the Lease Agreement are subject to ARI's right of setoff and/or recoupment against any amounts that were owed by, or that may become due from, ARI to GNC, Inc. pursuant to the Lease Agreement or otherwise. To the extent of such setoff and/or recoupment, this cure claim constitutes a secured claim. Moreover, ARI hereby asserts its claim (a) **$242,978.08** as of August 17, 2020, for goods and services provided by ARI to GNC, Inc. pursuant to the Lease Agreement after the Petition Date through August 5, 2020, in connection with the continued utilization by GNC, Inc. of the goods and services provided by ARI, and the continued accrual of amounts owed to ARI, under the Lease Agreement, which amounts remain unpaid and are due, and plus any and all applicable fees, costs, expenses, charges and other amounts that may come due after August 17, 2020, and less any amounts due by ARI to GNC, Inc. under the Lease Agreement or otherwise that have come due after the Petition Date, which, as of August 17, 2020, amounted to **$14,752.11**; and (b) for any additional administrative expense claims that have arisen or may arise after the

Petition Date, all pursuant to, among other provisions of the United States Bankruptcy Code and applicable law, 11 U.S.C. §§ 365, 503 and/or 507.

11. This Objection is being filed by ARI in connection with amounts and obligations owed to them, or either of them, by GNC, Inc. ARI reserves the right to assert in the future any and all claims and interests that it might have against GNC, Inc., including, but not limited to, the imposition of constructive trust, equitable lien, security interest, subrogation, marshaling, or any other legal or equitable remedies to which ARI may be entitled. ARI additionally claims the benefit of: (a) all security interests, including, without limitation, adequate protection security interests, liens, mortgages, and other rights and protections granted to it or received by it at any time, including, without limitation, from and after the Petition Date, by contract, operation of law, orders of this Court, or otherwise; (b) all renewals, extensions, ratifications, supplements, amendments, corrections, and other prior or subsequent documentation evidencing or relating to the claims of ARI; and (c) any other executed, filed or recorded documents.

12. This Objection is derived from information that is believed to be accurate. ARI reserves the right to amend this objection if it appears at any time that omissions or errors have been made herein, or more accurate information is available. Subject to the foregoing, ARI believes that this Objection is true and correct.

WHEREFORE, ARI respectfully requests that this Court enter an Order:

a. Sustaining this Objection;

b. Requiring that the cure claim with respect to the Lease Agreement be in amounts consistent with the specific requests set forth herein; and

c. Granting ARI such other and further relief as the Court deems.

Respectfully submitted, this 5th day of October, 2020.

                                                     */s/ Garvan F. McDaniel, Esq.*
                                                     Garvan F. McDaniel (#4167)
                                                     Hogan McDaniel
                                                     1311 Delaware Avenue
                                                     Wilmington, DE 19806
                                                     Telephone: (302) 656-7596
                                                     Facsimile: (302) 656-7599
                                                     gfmcdaniel@dkhogan.com

                                                     - and -

                                                     Richard A. Aguilar, Esq. (LA Bar #17439)
                                                     Rudy J. Cerone, Esq. (LA Bar #14137)
                                                     Mark J. Chaney, III, Esq. (LA Bar #35704)
                                                     **McGLINCHEY STAFFORD, PLLC**
                                                     601 Poydras Street, 12th Floor
                                                     New Orleans, Louisiana 70130
                                                     Telephone: (504) 596-2884
                                                     Facsimile: (504) 910-8371
                                                     raguilar@mcglinchey.com
                                                     rcerone@mcglinchey.com
                                                     mchaney@mcglinchey.com