## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Vitamin OldCo Holdings, Inc., | ) Case No. 20-11662 (KBO) |
| (f/k/a GNC Holdings, Inc.), *et al.*, | ) |
| | ) (Jointly Administered) |
| Debtors.[1] | ) |
| | ) |

### SUPPLEMENTAL AFFIDAVIT OF SERVICE

I, Arnold A. Jaglal, depose and say that I am employed by Prime Clerk LLC ("***Prime Clerk***"), the claims and noticing agent for the Debtors in the above-captioned chapter 11 cases.

On October 22, 2020, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via First Class Mail on the parties identified on the service list attached hereto as **Exhibit A:**

- Notice of Chapter 11 Bankruptcy Case [Docket No. 352]

On October 22, 2020, at my direction and under my supervision, employees of Prime Clerk caused the following documents to be served via First Class Mail on the parties identified on the service list attached hereto as **Exhibit B:**

- Notice of Deadline for the Filing of Proofs of Claim, Including for Claims Asserted Under Section 503(b)(9) of the Bankruptcy Code, a copy of which is attached hereto as **Exhibit C**

- Proof of Claim form, a copy of which is attached hereto as **Exhibit D**

- Notice of Sale, Bidding Procedures, Auction, and Sale Hearing **Exhibit E**

---

[1] The debtors in these Chapter 11 Cases, along with the last four digits of each debtor's United States federal tax identification number, if applicable, or other applicable identification number, are: Vitamin OldCo Holdings, Inc. (f/k/a GNC Holdings, Inc.) (6244); Vitamin OldCo Parent LLC (f/k/a GNC Parent LLC) (7572); Vitamin OldCo Corporation (f/k/a GNC Corporation) (5170); Vitamin OldCo Centers, Inc. (f/k/a General Nutrition Centers, Inc.) (5168); Vitamin OldCo, Inc. (f/k/a General Nutrition Corporation) (4574); Vitamin OldCo Investment Company (f/k/a General Nutrition Investment Company) (3878); Vitamin OldCo Lucky Corporation (f/k/a Lucky Oldco Corporation) (7141); Vitamin OldCo Funding, Inc. (f/k/a GNC Funding, Inc.) (7837); Vitamin OldCo International Holdings, Inc. (f/k/a GNC International Holdings, Inc.) (9873); Vitamin OldCo Headquarters LLC (f/k/a GNC Headquarters LLC) (7550); Vitamin HoldCo Associates, Ltd. (f/k/a Gustine Sixth Avenue Associates, Ltd.) (0731); Vitamin OldCo Canada Holdings, Inc. (f/k/a GNC Canada Holdings, Inc.) (3879); Vitamin OldCo Centres Company (f/k/a General Nutrition Centres Company) (0939); Vitamin OldCo Government Services, LLC (f/k/a GNC Government Services, LLC) (2226); Vitamin OldCo Puerto Rico Holdings, Inc. (f/k/a GNC Puerto Rico Holdings, Inc.) (4559); and Vitamin OldCo Puerto Rico, LLC (f/k/a GNC Puerto Rico, LLC) (7234). The debtors' mailing address is 300 Sixth Avenue, Pittsburgh, Pennsylvania 15222.

On October 22, 2020, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via First Class Mail on Staples Contract & Commerical LLC, (MMLID: 11619233), 2503C Waco ST, Henrico, VA 23294-3715:

- Notice of Filing of Adequate Assurance Information with Respect to Proposed Stalking Horse Bidder [Docket No. 681]

On October 22, 2020, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via First Class Mail on Full Circle Home, (MMLID: 11230216), 131 W 35TH FL 8, New York, NY 10001-2111:

- Notice of Filing of Additional Adequate Assurance Information with Respect to the Stalking Horse Bidder [Docket No. 1074]

On October 22, 2020, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via First Class Mail on the parties identified on the service list attached hereto as **Exhibit F:**

- Notice of Filing Amended Designation Notice, a copy of which is attached hereto as **Exhibit G**

On October 22, 2020, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via First Class Mail on the parties identified on the service list attached hereto as **Exhibit H:**

- Order, Pursuant to Section 365(d)(4) of the Bankruptcy Code, Extending the Deadline by which the Debtors Must Assume or Reject Remaining Unexpired Leases of Nonresidential Real Property [Docket No. 1358]

Dated: October 22, 2020

*/s/ Arnold A. Jaglal*
Arnold A. Jaglal

State of New York
County of New York

Subscribed and sworn to (or affirmed) before me October 22, 2020, by Arnold A. Jaglal, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

*/s/ Liz Santodomingo*
Notary Public, State of New York
No. 01SA6301250
Qualified in New York County
Commission Expires April 14, 2022

SRF 47314

**Exhibit A**

Exhibit A

Supplemental Service List

Served via First Class Mail

| MMLID | Name | Address1 | City | State | PostalCode |
|---|---|---|---|---|---|
| 10884374 | ALLIED INTERSTATE INC | PO BOX 19326 | MINNEAPOLIS | MN | 55419-0326 |
| 10877949 | ALVEY, ARIELLE R. | ADDRESS ON FILE | | | |
| 10842932 | BAILEY, BRENNA | ADDRESS ON FILE | | | |
| 10830135 | BARRETT, ADDISON J. | ADDRESS ON FILE | | | |
| 10849393 | BATISTA SNACHEZ, YARIBEL | ADDRESS ON FILE | | | |
| 10826773 | BOTTORFF, KASEY A. | ADDRESS ON FILE | | | |
| 10845725 | BRAMLETT, DAVID C. | ADDRESS ON FILE | | | |
| 10866937 | BRYANT, DEVON S. | ADDRESS ON FILE | | | |
| 10878562 | COUCH, STEVEN D. | ADDRESS ON FILE | | | |
| 10850317 | DRECKMAN, RACHAEL A. | ADDRESS ON FILE | | | |
| 10838814 | EISENSTEIN, KEITH Y. | ADDRESS ON FILE | | | |
| 10825864 | FISHER, LAMAR J. | ADDRESS ON FILE | | | |
| 10832439 | FITZWATER, DEVIN J. | ADDRESS ON FILE | | | |
| 10881050 | FOSTANES, JULIUS E. | ADDRESS ON FILE | | | |
| 10835819 | GAISER, GUNTHER T. | ADDRESS ON FILE | | | |
| 10842379 | GARNER, JOHN S. | ADDRESS ON FILE | | | |
| 10835086 | GIBBONS, MARIANNA R. | ADDRESS ON FILE | | | |
| 10827471 | GIBSON, ANDREW | ADDRESS ON FILE | | | |
| 10828158 | GIUCHICI, KEENAN W. | ADDRESS ON FILE | | | |
| 10830078 | GODDARD, BRANDON S. | ADDRESS ON FILE | | | |
| 10840004 | GRISBY, JESSICA S. | ADDRESS ON FILE | | | |
| 10820065 | HARTLEY, TRENTON R. | ADDRESS ON FILE | | | |
| 10886166 | HINES, CALEB L. | ADDRESS ON FILE | | | |
| 10823994 | IBARRA, ARMANDO | ADDRESS ON FILE | | | |
| 10879069 | JONES, JACOB D. | ADDRESS ON FILE | | | |
| 10833580 | MACH, MADISON S. | ADDRESS ON FILE | | | |
| 10825955 | MANGUM, ERIN N. | ADDRESS ON FILE | | | |
| 10868700 | MARY TALBOTT | ADDRESS ON FILE | | | |
| 10827451 | MCGEE, MATT K. | ADDRESS ON FILE | | | |
| 10871010 | MCGRUDER, CHINA D. | ADDRESS ON FILE | | | |

## Exhibit A
### Supplemental Service List
### Served via First Class Mail

| MMLID | Name | Address1 | City | State | PostalCode |
|---|---|---|---|---|---|
| 10862707 | METELLUS, PATCHOUCO M. | ADDRESS ON FILE | | | |
| 10856673 | MICHALSKI, DEBBIE C. | ADDRESS ON FILE | | | |
| 10839818 | MIRZAEI, KHASHAYAR | ADDRESS ON FILE | | | |
| 10823098 | MORGAN, TAYLOR E. | ADDRESS ON FILE | | | |
| 10841510 | NAQUIN, MEGAN MELONY | ADDRESS ON FILE | | | |
| 10852493 | OHANIS, JEREMY B. | ADDRESS ON FILE | | | |
| 10839147 | PAVELOFF, PARKER K. | ADDRESS ON FILE | | | |
| 10840597 | PIERCE, LAUREN M. | ADDRESS ON FILE | | | |
| 10841460 | PRUITT, AVERY S. | ADDRESS ON FILE | | | |
| 10827838 | QUARLES, CATHERINE A. | ADDRESS ON FILE | | | |
| 10824206 | QUINTERO-NOG, SEBASTIAN | ADDRESS ON FILE | | | |
| 10845347 | RAMBEAU, PAYTON J. | ADDRESS ON FILE | | | |
| 10870891 | RIBEIRO, JOSEPH A. | ADDRESS ON FILE | | | |
| 10857132 | ROBINSON, COLTEN T. | ADDRESS ON FILE | | | |
| 10882474 | ROQUES, DAVID M. | ADDRESS ON FILE | | | |
| 10870869 | RUTLEDGE, KALEB L. | ADDRESS ON FILE | | | |
| 10828316 | RYAN, BRIDGETTA J | ADDRESS ON FILE | | | |
| 10879425 | SBINI, YARA F. | ADDRESS ON FILE | | | |
| 10853335 | SHORTS, KEITH M. | ADDRESS ON FILE | | | |
| 10820041 | SIMS, MARYANNE W. | ADDRESS ON FILE | | | |
| 10871753 | SLEEZER, ETHAN J. | ADDRESS ON FILE | | | |
| 10852361 | SMITH, ALISHIA M. | ADDRESS ON FILE | | | |
| 10831681 | TAUBE, NIR | ADDRESS ON FILE | | | |
| 10868938 | THINK UTILITY SERVICES INC | PO BOX 17389 | CLEARWATER | FL | 33762-0389 |
| 10837640 | TOVAR, JOSHUA | ADDRESS ON FILE | | | |
| 10829806 | VAN DAALWYK, ANNA M. | ADDRESS ON FILE | | | |
| 10850625 | VEACH, ELIZABETH M. | ADDRESS ON FILE | | | |
| 10820375 | VILLACIS, ORLANDO | ADDRESS ON FILE | | | |
| 10826509 | VILLEDA, MATTHEW A. | ADDRESS ON FILE | | | |
| 10823647 | WALTERS, CAITLIN P. | ADDRESS ON FILE | | | |

In re:  GNC Holdings, Inc., *et al.*
Case No. 20-11662 (KBO)

Exhibit A

Supplemental Service List

Served via First Class Mail

| MMLID | Name | Address1 | City | State | PostalCode |
|---|---|---|---|---|---|
| 10843728 | WILLIAMS, CHARLOTTE I. | ADDRESS ON FILE | | | |
| 10826394 | WILSON, SEBASTIAN T. | ADDRESS ON FILE | | | |

**Exhibit B**

## Exhibit B

Supplemental Service List
Served via First Class Mail

| MMLID | Name | Address1 | City | State | PostalCode |
|---|---|---|---|---|---|
| 10854653 | ALAMO, JACOB R. | ADDRESS ON FILE | | | |
| 10884375 | ALLIED INTERSTATE LLC | PO BOX 19066 | MINNEAPOLIS | MN | 55419-0066 |
| 10855350 | BAIN, ERIK K. | ADDRESS ON FILE | | | |
| 10884245 | BLIZZARD, MARSHAYLA K. | ADDRESS ON FILE | | | |
| 10827992 | BRUBECK, BRITTANY A. | ADDRESS ON FILE | | | |
| 10828245 | CITY OF JOHNS CREEK | 11360 LAKEFIELD DR | DULUTH | GA | 30097-1569 |
| 10862631 | ESTATE OF NEAL HILDRETH | ADDRESS ON FILE | | | |
| 10877032 | FATAFEHI, TALEI N. | ADDRESS ON FILE | | | |
| 10842334 | HINDT, MICAH B. | ADDRESS ON FILE | | | |
| 10838742 | KOEBENSKY, ASHLEY M. | ADDRESS ON FILE | | | |
| 10883092 | KURKA, QUINN M. | ADDRESS ON FILE | | | |
| 10861505 | LYNCH, RYAN L. | ADDRESS ON FILE | | | |
| 10889698 | MESA, ANAYLET | ADDRESS ON FILE | | | |
| 10865524 | MOORE, YOLANDA L. | ADDRESS ON FILE | | | |
| 10846230 | MUMMERY, DAVID J. | ADDRESS ON FILE | | | |
| 10830603 | NELSON, BROOKE D. | ADDRESS ON FILE | | | |
| 10834315 | PENA, MELISSA | ADDRESS ON FILE | | | |
| 10878969 | PERRY, COLBY J. | ADDRESS ON FILE | | | |
| 10836706 | PERRY, JORDAN T. | ADDRESS ON FILE | | | |
| 10880937 | PEZOLANO, ROBERT J. | ADDRESS ON FILE | | | |
| 10823361 | SILVA, ANDREW | ADDRESS ON FILE | | | |
| 10821421 | SMITH, BRIAN W. | ADDRESS ON FILE | | | |
| 10827577 | SOTO, MAXINE | ADDRESS ON FILE | | | |
| 10823168 | SOVA, SPENCER M. | ADDRESS ON FILE | | | |
| 10879745 | STILL, AMY E. | ADDRESS ON FILE | | | |
| 10881310 | STROEMER, SHAWN E. | ADDRESS ON FILE | | | |
| 10884630 | TANNERY, RAYMOND B. | ADDRESS ON FILE | | | |
| 10871708 | THOMA, ANTHONY A. | ADDRESS ON FILE | | | |
| 10835241 | THOMPSON, OLIVIA B. | ADDRESS ON FILE | | | |
| 10859529 | WEBER, GRAYSON C. | ADDRESS ON FILE | | | |

Exhibit B
Supplemental Service List
Served via First Class Mail

| MMLID | Name | Address1 | City | State | PostalCode |
|---|---|---|---|---|---|
| 10826394 | WILSON, SEBASTIAN T. | ADDRESS ON FILE | | | |
| 10863112 | ZABINSKI, ZACHARY S. | ADDRESS ON FILE | | | |
| 10867962 | ZINN, CHRIS A. | ADDRESS ON FILE | | | |

**Exhibit C**

SRF 47314

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GNC HOLDINGS, INC., *et al.*, | ) Case No. 20-11662 (KBO) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |

## NOTICE OF DEADLINE FOR THE FILING
## OF PROOFS OF CLAIM, INCLUDING FOR CLAIMS
## ASSERTED UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE

**THE GENERAL BAR DATE IS 5:00 P.M. (PREVAILING EASTERN TIME) ON AUGUST 28, 2020**

TO:       ALL HOLDERS OF POTENTIAL CLAIMS AGAINST THE DEBTORS (AS LISTED BELOW)

Please take notice that on June 23, 2020 (the "***Petition Date***"), the debtors and debtors in possession in the above-captioned cases (together, the "***Debtors***") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "***Court***").

Please take further notice that on July 21, 2020, the Court entered an order (the "***Bar Date Order***") establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim, including requests for payment pursuant to Section 503(b)(9) of the Bankruptcy Code ("***Proofs of Claim***").

For your convenience, except with respect to beneficial owners of the Debtors' debt and equity securities, enclosed with this notice (this "***Notice***") is a Proof of Claim Form, which identifies on its face the amount, nature, and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these cases (the "***Schedules***"). If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple Proof of

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's United States federal tax identification number, if applicable, or other applicable identification number, are:  GNC Holdings, Inc. (6244); GNC Parent LLC (7572); GNC Corporation (5170); General Nutrition Centers, Inc. (5168); General Nutrition Corporation (4574); General Nutrition Investment Company (3878); Lucky Oldco Corporation (7141); GNC Funding, Inc. (7837); GNC International Holdings, Inc. (9873); GNC China Holdco, LLC (0004); GNC Headquarters LLC (7550); Gustine Sixth Avenue Associates, Ltd. (0731); GNC Canada Holdings, Inc. (3879); General Nutrition Centres Company (0939); GNC Government Services, LLC (2226); GNC Puerto Rico Holdings, Inc. (4559); and GNC Puerto Rico, LLC (7234).  The Debtors' mailing address is 300 Sixth Avenue, Pittsburgh, Pennsylvania 15222.

Claim forms, each of which will reflect the nature and amount of your claim as listed in the Schedules.

As used in this Notice, the term "*creditor*" has the meaning given to it in section 101(10) of the Bankruptcy Code, and includes all persons, entities, estates, trusts, governmental units and the United States Trustee.  In addition, the terms "*persons*," "*entities*," and "*governmental units*" are defined in sections 101(41), 101(15) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "*claim*" or "*Claim*" has the meaning given to it in section 101(5) of the Bankruptcy Code, and includes as to or against the Debtors: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY HAVE OR YOU MAY ASSERT A CLAIM AGAINST THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES.    THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND *DISCUSS* IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**General Information about the Debtors' Cases**.    The Debtors' cases are being jointly administered under case number 20-11662 (KBO).  No trustee or examiner has been requested in these Chapter 11 Cases.

**Individual Debtor Information**.  The last four digits of each Debtor's federal tax identification number are set forth below.  The Debtors' mailing address is 300 Sixth Avenue, Pittsburgh, Pennsylvania 15222.

| Debtor | Case No. | EID# (Last 4 Digits) |
|---|---|---|
| GNC Holdings, Inc. | 20-11662 (KBO) | 6244 |
| GNC Parent LLC | 20-11663 (KBO) | 7572 |
| GNC Corporation | 20-11664 (KBO) | 5170 |
| General Nutrition Centers, Inc. | 20-11665 (KBO) | 5168 |
| General Nutrition Corporation | 20-11666 (KBO) | 4574 |
| General Nutrition Investment Company | 20-11667 (KBO) | 3878 |
| Lucky Oldco Corporation | 20-11668 (KBO) | 7141 |
| GNC Funding Inc. | 20-11669 (KBO) | 7837 |
| GNC International Holdings Inc. | 20-11670 (KBO) | 9873 |
| GNC China Holdco, LLC | 20-11671 (KBO) | 0004 |
| GNC Headquarters LLC | 20-11672 (KBO) | 7550 |
| Gustine Sixth Avenue Associates, Ltd. | 20-11673 (KBO) | 0731 |
| GNC Canada Holdings, Inc. | 20-11674 (KBO) | 3879 |
| General Nutrition Centres Company | 20-11675 (KBO) | 0939 |

| GNC Government Services, LLC | 20-11676 (KBO) | 2226 |
| GNC Puerto Rico Holdings, Inc. | 20-11677 (KBO) | 4559 |
| GNC Puerto Rico, LLC | 20-11678 (KBO) | 7234 |

**A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

1. **THE BAR DATES**

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these Chapter 11 Cases (collectively, the "***Bar Dates***"):

a. ***General Bar Date***.  Except as expressly set forth in this Notice, all entities (except governmental units) holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, are required to file Proofs of Claim ***by 5:00 p.m., prevailing Eastern time on August 28, 2020***.  Except as expressly set forth in this Notice, the General Bar Date applies to all types of claims against the Debtors that arose on or prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

b. ***Governmental Bar Date***.  All governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date are required to file Proofs of Claim by ***December 21, 2020, at 5:00 p.m., prevailing Eastern Time***.  The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose on or prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

c. ***Rejection Damages Bar Date.***  Unless otherwise ordered by the Court, all entities holding claims against the Debtors arising from the rejection of executory contracts and unexpired leases of the Debtors are required to file Proofs of Claim by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is thirty (30) days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors.  For the avoidance of doubt, claims arising from the rejection of unexpired leases of the Debtors for purposes of the Bar Date Order shall include any claims under such unexpired leases as of the Petition Date, and such parties shall not be required to file Proofs of Claim with respect to prepetition amounts unless and until such unexpired lease has been rejected.

d. ***Amended Schedules Bar Date.***  If, subsequent to the date of this Notice, the Debtors amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor is required to file a Proof of Claim or amend any previously filed Proof of Claim

in respect of the amended scheduled claim by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is twenty-one (21) days from the date on which the Debtors mail notice of the amendment to the Schedules (or another time period as may be fixed by the Court).

**2.      PERSONS OR ENTITIES WHO MUST FILE A PROOF OF CLAIM.**

Any person or entity that has or seeks to assert a claim against the Debtors which arose, or is deemed to have arisen, prior to the Petition Date, including, without limitation, a claim under section 503(b)(9) of the Bankruptcy Code, **MUST FILE A PROOF OF CLAIM ON OR BEFORE THE APPLICABLE BAR DATE** in order to potentially share in the Debtors' estates.

Under the Bar Date Order, the filing of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code.  All other administrative claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and shall not be deemed proper if made by Proof of Claim.  No deadline has yet been established for the filing of administrative claims other than claims under section 503(b)(9) of the Bankruptcy Code.  **Claims under section 503(b)(9) of the Bankruptcy Code must be filed by the applicable Bar Date**.

Acts or omissions of the Debtors that occurred or arose before the Petition Date may give rise to claims against the Debtors that must be filed by the applicable Bar Date, notwithstanding that such claims may not have matured, are contingent or have not become fixed or liquidated prior to or as of the Petition Date.

THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS BELIEVE THAT YOU HAVE A CLAIM. A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.

**A.      Claims For Which No Proof of Claim is Required to be Filed.**Notwithstanding the above, holders of the following claims are not required to file a Proof of Claim on or before the applicable Bar Date solely with respect to such claim:

a.      a claim against the Debtors for which a signed Proof of Claim has already been properly filed with the Clerk of the Bankruptcy Court for the District of Delaware or Prime Clerk LLC ("***Prime Clerk***") in a form substantially similar to Official Bankruptcy Form No. 410;

b.      a claim that is listed on the Debtors' Schedules if and only if (i) such claim is not scheduled as "disputed," "contingent," or "unliquidated" **and** (ii) the holder of such claim agrees with the amount, nature and priority of the claim as set forth in the Schedules;

c.      an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

d.      an administrative expense claim for post-petition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code;

e.      a claim that has been paid in full by the Debtors in accordance with the Bankruptcy Code or an order of this Court;

f.      a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

g.      a claim of any Debtor against another Debtor;

h.      any fees payable to the United States Trustee under 28 U.S.C. § 1930; and

i.      a claim for which specific deadlines have been fixed by an order of this Court entered on or before the applicable Bar Date.

**Please take notice that any Claimant exempted from filing a Proof of Claim pursuant to paragraph A above must still properly and timely file a Proof of Claim for any other claim that does not fall within the exemptions provided by paragraph A above.** As set forth above, creditors are not required to file a proof of claim with respect to any amounts paid by the Debtors.

B.      **No Bar Date for Proof of Interest.** Any person or entity holding an equity security (as defined in section 101(16) of the Bankruptcy Code and including, without limitation, common stock, preferred stock, warrants, or stock options) or other ownership interest in the Debtors (an "***Interest Holder***") is not required to file a proof of interest on or before the applicable Bar Date; *provided*, however, that an Interest Holder that wishes to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest, must file a Proof of Claim on or before the applicable Bar Date. The Debtors have reserved the right to establish at a later time a bar date requiring Interest Holders to file proofs of interest. If such a bar date is established, Interest Holders will be notified in writing of the bar date for filing of proofs of interest at the appropriate time.

3.      **WHEN AND WHERE TO FILE.** All Claimants must submit (by overnight mail, courier service, hand delivery, regular mail, or in person) an original, written Proof of Claim that substantially conforms to the Proof of Claim Form so as to be **actually received** by Prime Clerk, the Debtors' claims and notice agent, by no later than 5:00 p.m. (prevailing Eastern Time) on or before the applicable Bar Date at the following address:

GNC Holdings Inc. Claims Processing Center
c/o Prime Clerk
850 Third Avenue, Suite 412
Brooklyn, NY 11232

Alternatively, Claimants may submit a Proof of Claim electronically by completing the Proof of Claim Form that can be accessed at Prime Clerk's website, https://cases.primeclerk.com/GNC.

Proofs of Claim will be deemed timely filed only if **actually received** by Prime Clerk on or before the applicable Bar Date. Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission. Any facsimile, telecopy, or electronic mail submissions will **not** be accepted and will **not** be deemed filed until a Proof of Claim is submitted to Prime Clerk by overnight mail, courier service, hand delivery, regular mail, in person, or through Prime Clerk's website listed above.

Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Prime Clerk must submit (a) a copy of the Proof of Claim and (b) a self-addressed, stamped envelope (in addition to the original Proof of Claim sent to Prime Clerk).

**4.    CONTENTS OF A PROOF OF CLAIM.**

With respect to preparing and filing of a Proof of Claim, the Debtors propose that each Proof of Claim be required to be consistent with the following:

a.    Each Proof of Claim must: (a) be legible; (b) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Eastern Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (c) set forth with specificity the legal and factual basis for the alleged claim; (d) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (e) be signed by the Claimant or by an authorized agent or legal representative of the Claimant on behalf of the Claimant, whether such signature is an electronic signature or is ink.

b.    Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also (a) set forth with specificity: (i) the date of shipment of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (ii) the date, place, and method (including carrier name) of delivery of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (iii) the value of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; and (iv) whether the Claimant timely made a demand to reclaim such goods under section 546(c) of the Bankruptcy Code; (b) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (c) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.    Proofs of Claim signed electronically by the Claimant or an authorized agent or legal representative of the Claimant may be deemed acceptable for purposes of claims administration. Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

d.    Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A Proof of Claim filed under the joint

administration case number (Case No. 20-11662 (KBO)), or otherwise without identifying a specific Debtor, will be deemed as filed only against GNC Holdings, Inc.

e.    Unless otherwise ordered by the Court, each Proof of Claim must state a claim against **only one** Debtor, clearly indicate the Debtor against which the claim is asserted, and be filed on the claims register of such Debtor.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against GNC Holdings, Inc.

f.    Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor shall be required to transmit such documentation to Debtors' counsel upon request no later than ten (10) days from the date of such request.

g.    Each Proof of Claim must be filed, including supporting documentation so as to be **actually received** by Prime Clerk on or before the applicable Bar Date as follows: electronically through the interface available at http://cases.primeclerk.com/GNC, or if submitted through non-electronic means, by U.S. Mail or other hand delivery system at the following address: GNC Holdings, Inc. Claims Processing Center c/o Prime Clerk LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232

h.    Proofs of claim sent by facsimile or electronic mail will not be accepted.

i.    Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Prime Clerk must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Prime Clerk) and (ii) a self-addressed, stamped envelope.

5.    **CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM BY THE BAR DATE.**  Any Claimant that is required to file a Proof of Claim in these chapter 11 cases pursuant to the Bankruptcy Code, the Bankruptcy Rules, or the Bar Date Order with respect to a particular claim against the Debtors, but that fails to do so properly by the applicable Bar Date, shall not be treated as a creditor with respect to such claim for purposes of voting and distribution.

6.    **CONTINGENT CLAIMS.**  Acts or omissions of or by the Debtors that occurred, or that are deemed to have occurred, prior to the Petition Date, including, without limitation, acts or omissions related to any indemnity agreement, guarantee, services provided to or rendered by the Debtors, or goods provided to or by the Debtors, may give rise to claims against the Debtors notwithstanding the fact that such claims (or any injuries on which they may be based) may be contingent or may not have matured or become fixed or liquidated prior to the Petition Date.  Therefore, any person or entity that holds a claim or potential claim against the Debtors, no matter how remote, contingent, or unliquidated, **MUST** file a Proof of Claim on or before the applicable Bar Date.

7.    **THE DEBTORS' SCHEDULES.**  You may be listed as the holder of a claim against the Debtors in the Schedules.  The Schedules are available free of charge on Prime Clerk's website at https://cases.primeclerk.com/GNC.  If you rely on the Schedules, it is your

responsibility to determine that your claim is accurately listed in the Schedules. As described above, if (a) you agree with the nature, amount and status of your claim as listed in the Schedules **and** (b) your claim is **NOT** described as "disputed," "contingent," or "unliquidated," then you are not required to file a Proof of Claim in these Chapter 11 Cases with respect to such claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice and the Bar Date Order.

8.    **RESERVATION OF RIGHTS.** Nothing contained in this Notice or the Bar Date Order is intended or should be construed as a waiver of any of the Debtor's rights, including without limitation, their rights to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; or (c) otherwise amend or supplement the Schedules. In addition, nothing contained herein of the Bar Date Order is intended or should be construed as an admission of the validity of any claim against the Debtors or an approval, assumption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code. All such rights and remedies are reserved.

9.    **ADDITIONAL INFORMATION.**

The Schedules, the Proof of Claim Form and Bar Date Order are available free of charge on Prime Clerk's website at https://cases.primeclerk.com/GNC. If you have questions concerning the filing or processing of Claims, you may contact the Debtors' claims agent, Prime Clerk, toll-free at (844) 974-2132. If you require additional information regarding the filing of a Proof of Claim, you may contact counsel for the Debtors in writing at the addresses below.

Dated: July 22, 2020
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT &
TAYLOR, LLP**


*/s/ Kara Hammond Coyle*       .
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Andrew L. Magaziner (No. 5426)
Joseph M. Mulvihill (No. 6061)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 576-3572
Facsimile:    (302) 571-1253
Email:        mnestor@ycst.com
            kcoyle@ycst.com
            amagaziner@ycst.com
            jmulvihill@ycst.com

**LATHAM & WATKINS LLP**
Richard A. Levy (admitted *pro hac vice*)
Caroline A. Reckler (admitted *pro hac vice*)
Asif Attarwala (admitted *pro hac vice*)
Brett V. Newman (admitted *pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:    (312) 876-7700
Facsimile:    (312) 993-9767
Email:        richard.levy@lw.com
            caroline.reckler@lw.com
            asif.attarwala@lw.com
            brett.newman@lw.com

- and -

George A. Davis (admitted *pro hac vice*)
Andrew C. Ambruoso (admitted *pro hac vice*)
Jeffrey T. Mispagel (admitted *pro hac vice*)
885 Third Avenue
New York, New York 10022
Telephone:    (212) 906-1200
Facsimile:    (212) 751-4864
Email:        george.davis@lw.com
            andrew.ambruoso@lw.com
            jeffrey.mispagel@lw.com

*Counsel for Debtors and Debtors in Possession*

**Exhibit D**

**United States Bankruptcy Court, District of Delaware**

| **Fill in this information to identify the case (Select only one Debtor per claim form):** | | |
|---|---|---|
| ❑ GNC Holdings, Inc. (Case No. 20-11662) | ❑ GNC Funding, Inc. (Case No. 20-11669) | ❑ GNC Government Services, LLC (Case No. 20-11676) |
| ❑ GNC Parent LLC (Case No. 20-11663) | ❑ GNC International Holdings, Inc. (Case No. 20-11670) | ❑ GNC Puerto Rico Holdings, Inc. (Case No. 20-11677) |
| ❑ GNC Corporation (Case No. 20-11664) | ❑ GNC China Holdco LLC (Case No. 20-11671) | ❑ GNC Puerto Rico, LLC (Case No. 20-11678) |
| ❑ General Nutrition Centers, Inc. (Case No. 20-11665) | ❑ GNC Headquarters LLC (Case No. 20-11672) | |
| ❑ General Nutrition Corporation (Case No. 20-11666) | ❑ Gustine Sixth Avenue Associates, Ltd. (Case No. 20-11673) | |
| ❑ General Nutrition Investment Company (Case No. 20-11667) | ❑ GNC Canada Holdings, Inc. (Case No. 20-11674) | |
| ❑ Lucky Oldco Corporation (Case No. 20-11668) | ❑ General Nutrition Centres Company (Case No. 20-11675) | |

## Modified Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| **Part 1:** | **Identify the Claim** |
|---|---|

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

❑ No
❑ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|
| Name | Name |
| Number      Street | Number      Street |
| City          State          ZIP Code | City          State          ZIP Code |
| Contact phone _____ | Contact phone _____ |
| Contact email _____ | Contact email _____ |

**4. Does this claim amend one already filed?**

❑ No
❑ Yes.  Claim number on court claims registry (if known)_____          Filed on _____
                                                      MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

❑ No
❑ Yes. Who made the earlier filing? _____

**Part 2:**   **Give Information About the Claim as of the Date the Case Was Filed**

---

**6. Do you have any number you use to identify the debtor?**

❑ No
❑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

---

**7.  How much is the claim?**    $_____.  **Does this amount include interest or other charges?**

❑ No
❑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8.  What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

---

**9. Is all or part of the claim secured?**

❑ No
❑ Yes. The claim is secured by a lien on property.

**Nature of property:**

❑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
❑ Motor vehicle
❑ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**    $_____

**Amount of the claim that is secured:**    $_____

**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____

**Annual Interest Rate** (when case was filed)_____%
❑ Fixed
❑ Variable

---

**10. Is this claim based on a lease?**

❑ No
❑ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

---

**11. Is this claim subject to a right of setoff?**

❑ No
❑ Yes. Identify the property: _____

---

| | | |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No | |
| | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(____) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No | |
| | ☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

## Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐  I am the creditor.

☐  I am the creditor's attorney or authorized agent.

☐  I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐  I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____ (mm/dd/yyyy)

_____
    Signature

**Name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | _____ | _____ | _____ |
| | First name | Middle name | Last name |
| Title | _____ | | |
| Company | _____ | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | _____ | | |
| | Number | Street | |
| | _____ | | |
| | City | State | ZIP Code |
| Contact phone | _____ | Email | _____ |

<u>Modified Official Form 410</u>

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                          12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at <u>http://cases.primeclerk.com/gnc</u>.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

GNC Holdings, Inc. Claims Processing Center
c/o Prime Clerk LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

---

**Do not file these instructions with your form**

**<u>Exhibit E</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GNC HOLDINGS, INC., *et al.*, | ) | Case No. 20-11662 (KBO) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: Docket No. 227 |

### NOTICE OF SALE, BIDDING PROCEDURES, AUCTION, AND SALE HEARING

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "***Debtors***") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "***Court***") on June 23, 2020 (the "***Petition Date***").

**PLEASE TAKE FURTHER NOTICE** that, on July 1, 2020, the Debtors filed a motion [Docket No. 227] (the "***Motion***")[2] with the Court seeking entry of orders, among other things, (a) approving the Debtors' bidding procedures (the "***Bidding Procedures***") in connection with the proposed auction (the "***Auction***") for the sale (the "***Sale***") of substantially all of the Debtors' assets (the "***Assets***"), (b) approving procedures for the assumption and assignment of executory contracts and unexpired leases in connection with the Sale, including notice of proposed cure amounts (the "***Assumption Procedures***"), (c) approving the form and manner of notices related to the Sale and Assumption Procedures, and (d) establishing dates and deadlines in connection with the Sale.

**PLEASE TAKE FURTHER NOTICE** that, on July 22, 2020, the Court entered an order [Docket No. 559] (the "***Bidding Procedures Order***") granting certain of the relief sought in the Motion, including, among other things, approving the (a) Bidding Procedures, which establish the key dates and times related to the Sale and the Auction and (b) Assumption Procedures. All

---

[1] The debtors in these Chapter 11 Cases, along with the last four digits of each debtor's United States federal tax identification number, if applicable, or other applicable identification number, are: GNC Holdings, Inc. (6244); GNC Parent LLC (7572); GNC Corporation (5170); General Nutrition Centers, Inc. (5168); General Nutrition Corporation (4574); General Nutrition Investment Company (3878); Lucky Oldco Corporation (7141); GNC Funding, Inc. (7837); GNC International Holdings, Inc. (9873); GNC China Holdco, LLC (0004); GNC Headquarters LLC (7550); Gustine Sixth Avenue Associates, Ltd. (0731); GNC Canada Holdings, Inc. (3879); General Nutrition Centres Company (0939); GNC Government Services, LLC (2226); GNC Puerto Rico Holdings, Inc. (4559); and GNC Puerto Rico, LLC (7234). The debtors' mailing address is 300 Sixth Avenue, Pittsburgh, Pennsylvania 15222.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

interested bidders should carefully read the Bidding Procedures Order and the Bidding Procedures in their entirety.[3]

## CONTACT PERSON FOR PARTIES INTERESTED IN SUBMITTING A BID

The Bidding Procedures set forth the requirements for becoming a Qualified Bidder and submitting a Qualified Bid, and any party interested in making an offer to purchase the Assets must comply strictly with the Bidding Procedures. Only Qualified Bids will be considered by the Debtors, in accordance with the Bidding Procedures.

**Any interested bidder should contact, as soon as possible:**

**Evercore Group L.L.C., 55 E. 52nd Street New York, NY 10055 Attn: William Jurist (William.Jurist@Evercore.com), Alexandra Vergeau (Alexandra.Vergeau@Evercore.com), and Ed Lee (Ed.Lee@Evercore.com).**

## OBTAINING ADDITIONAL INFORMATION

Copies of the Motion, the Bidding Procedures, and the Bidding Procedures Order, as well as all related exhibits, and all other documents filed with the Court, are available free of charge on the Debtors' case information website, located at https://cases.primeclerk.com/gnc or by calling (844) 974-2132 (Domestic) or (347) 505-7137 (International).

## IMPORTANT DATES AND DEADLINES[4]

1.  **Bid Deadline**. Subject to extension as set forth in paragraph 10 of the Bidding Procedures Order, the deadline to submit a Qualified Bid is **September 4, 2020 at 4:00 p.m. (prevailing Eastern Time)**.

2.  **Auction**. If more than one Qualified Bid is received by the Bid Deadline, the Debtors will conduct the Auction with respect to the Debtors' Assets. Subject to extension as set forth in paragraph 10 of the Bidding Procedures Order, the Auction will commence on **September 8, 2020, at 10:00 a.m., prevailing Eastern Time**, at the offices of Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, Illinois 60611, telephonically, or by video via Zoom, or such later time or other place as the Debtors will timely notify all Qualified Bidders, in consultation with the Consultation Parties. Only the Debtors, the Consultation Parties, and Qualified Bidders will be permitted to attend the Auction; *provided* that, in addition, any party in interest that requests permission from the Debtors to attend the Auction shall also be permitted to attend. Only Qualified Bidders will be entitled to make overbids at the Auction. **All interested or potentially affected**

---

[3]   To the extent of any inconsistencies between the Bidding Procedures and the summary descriptions of the Bidding Procedures in this notice, the terms of the Bidding Procedures shall control in all respects.

[4]   The following dates and deadlines may be extended by the Debtors or the Court pursuant to the terms of the Bidding Procedures and the Bidding Procedures Order.

**parties should carefully read the Bidding Procedures and the Bidding Procedures Order.**

3.      **Auction Objection and Sale Objection Deadlines**.  Subject to extension as set forth in paragraph 10 of the Bidding Procedures Order, the deadline to file an objection to (i) the Sale and/or (ii) the potential assumption or assumption and assignment of the Assigned Contracts and cure amounts related thereto (except as otherwise set forth in the Assumption Procedures) is **August 21, 2020 at 4:00 pm. (prevailing Eastern Time)** (the "*Sale Objection Deadline"*).  If the Auction is held, subject to extension as set forth in paragraph 10 of the Bidding Procedures Order, the deadline to file an objection to the conduct of the Auction, and the choice of Successful Bidder and/or Back-Up Bidder is **September 9, 2020 at 4:00 pm. (prevailing Eastern Time)** (the "*Auction Objection Deadline*").

4.      **Sale Hearing**.  Subject to extension as set forth in paragraph 10 of the Bidding Procedures Order, a hearing (the "*Sale Hearing*") to consider approval of the proposed Sale <u>**free and clear of all liens, claims, interests and encumbrances**</u> will be held on **September 14, 2020 at 1:00 p.m. (prevailing Eastern Time)** before the Honorable Karen B. Owens, Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware, at District of Delaware, at 824 Market Street North, 6th Floor, Wilmington, Delaware 19801, or at such other place (which may be by video conference) and time as the Debtors shall notify all Qualified Bidders, the Consultation Parties, and all other parties entitled to attend the Auction.  The Debtors have the right to adjourn or cancel the Auction at or prior to the Auction.

5.      **Adequate Assurance Objection**.  Subject to extension as set forth in paragraph 10 of the Bidding Procedures Order, in the event the Successful Bidder is not the Stalking Horse Bidder, objections to adequate assurance of future performance of the Assigned Contracts by such Successful Bidder must be filed with the Court and served on the Objection Notice Parties no later than **September 15, 2020 at 8:00 p.m., (prevailing Eastern Time)** ("*Adequate Assurance Objection Deadline*").

6.      **Adequate Assurance Hearing**.  Subject to extension as set forth in paragraph 10 of the Bidding Procedures Order, in the event the Successful Bidder is not the Stalking Horse Bidder, objections to adequate assurance of future performance of the Assigned Contracts by such Successful Bidder will be heard by the Court on **September 18, 2020 at 2:00 p.m. (prevailing Eastern Time)** (the "*Adequate Assurance Hearing*") before the Honorable Karen B. Owens, Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware, at District of Delaware, at 824 Market Street North, 6th Floor, Wilmington, Delaware 19801, or at such other place (which may be by video conference) and time as the Debtors shall notify all Qualified Bidders, the Consultation Parties, and all other parties entitled to attend the Auction.

7.      **Modification of Dates**.  Notwithstanding anything in the Bidding Procedures Order to the contrary, if the Debtors have not filed a Stalking Horse Selection Notice within one business day after August 3, 2020, the Sale Objection Deadline will be extended to August 28, the Bid Deadline will be extended to September 11, 2020, the Auction date will be extended to September 15, 2020, the Reply Deadline and Auction Objection Deadline will

be extended to September 16, 2020, the Sale Hearing will be extended to September 17, 2020 at 1:00 p.m., prevailing Eastern Time, the Adequate Assurance Objection Deadline will be extended to September 22, 2020, and the Adequate Assurance Hearing will be extended to September 29, at 1:00 p.m., prevailing Eastern Time.  The dates and deadlines set forth in the Bidding Procedures Order are subject to further modification by the Debtors in accordance with the Bidding Procedures.

## FILING OBJECTIONS

Sale Objections, Auction Objections, and Adequate Assurance Objections, if any, must (a) be in writing, (b) state, with specificity, the legal and factual bases thereof, (c) be filed with the Court by no later than **the Sale Objection Deadline, Auction Objection Deadline, or Adequate Assurance Objection Deadline**, as applicable, and (d) be served on (i) co-counsel to the Debtors, (A) Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, Illinois 60611, Attn:    Richard    A.    Levy    (richard.levy@lw.com)    and    Caroline    A.    Reckler (caroline.reckler@lw.com), and (B) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801, Attn: Michael Nestor (mnestor@ycst.com) and Kara Hammond Coyle (kcoyle@ycst.com); (ii) counsel to the administrative agent under the DIP Term Facility, Dorsey & Whitney LLP, 51 West 52nd Street, New York, New York 10019, Attn:  Erin E. Trigg and Samuel S. Kohn (email:  trigg.erin@dorsey.com and kohn.samuel@dorsey.com); (iii) counsel to the Ad Hoc FILO Term Lender Group (A) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019, Attn:  Andrew N. Rosenberg, Jacob Adlerstein,    and    Douglas    R.    Keeton    (email:    arosenberg@paulweiss.com, jadlerstein@paulweiss.com, and dkeeton@paulweiss.com); and (B) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn:    Richard S. Cobb (cobb@lrclaw.com); (iv) counsel to the Ad Hoc Group of Crossover Lenders (A) Milbank LLP, 2029 Century Park East, Los Angeles, California 90067, Attn:  Mark Shinderman, Brett Goldblatt, and Daniel B. Denny (email:    mshinderman@milbank.com;  bgoldblatt@milbank.com;  and ddenny@milbank.com); and (B) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware 19899-1347, Attn: Robert J. Dehney (rdehney@mnat.com); (v) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn:  Jane Leamy (email: jane.m.leamy@usdoj.gov); and (vi) counsel to the Committee, Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, NY 10020 Attn: Jeffrey Cohen and Lindsay H. Sklar (emails: jcohen@lowenstein.com and lsklar@lowenstein.com) and One Lowenstein Drive, Roseland, NJ 070686, Attn: Michael S. Etkin, Michael Savetsky, Nicole Fulfree and Colleen M. Maker (email: metkin@lowenstein.com,    msavetsky@lowenstein.com,    nfulfree@lowenstein.com,    and cmaker@lowenstein.com).

## CONSEQUENCES OF FAILING TO TIMELY ASSERT AN OBJECTION

*Any party who fails to make a timely Sale Objection on or before the Sale Objection Deadline in accordance with the Bidding Procedures Order and this Notice shall be forever barred from asserting any Sale Objection, including with respect to the transfer of the assets free and clear of all liens, claims, encumbrances and other interests.*

*Any party who fails to make a timely Auction Objection on or before the Auction Objection Deadline in accordance with the Bidding Procedures Order and this Notice shall be forever barred from asserting any Auction Objection, including with respect to the transfer of the assets free and clear of all liens, claims, encumbrances and other interests.*

*Any party who fails to make a timely Adequate Assurance Objection on or before the Adequate Assurance Objection Deadline in accordance with the Bidding Procedures Order and this Notice shall be forever barred from asserting any Adequate Assurance Objection, including with respect to the transfer of the assets free and clear of all liens, claims, encumbrances and other interests.*

## NO SUCCESSOR LIABILITY

*The Sale will be free and clear of, among other things, any claim arising from any conduct of the Debtors prior to the closing of the Sale, whether known or unknown, whether due or to become due, whether accrued, absolute, contingent or otherwise, so long as such claim arises out of or relates to events occurring prior to the closing of the Sale. Accordingly, as a result of the Sale, the Successful Bidder will not be a successor to any of the Debtors by reason of any theory of law or equity, and the Successful Bidder will have no liability, except as expressly provided in the Successful Bidder's asset purchase agreement, for any liens, claims, encumbrances and other interests against or in any of the Debtors under any theory of law, including successor liability theories.*

Dated: July 23, 2020
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**


 */s/ Joseph M. Mulvihill*
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Andrew L. Magaziner (No. 5426)
Joseph M. Mulvihill (No. 6061)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 576-3572
Facsimile:   (302) 571-1253
Email:      mnestor@ycst.com
          kcoyle@ycst.com
          amagaziner@ycst.com
          jmulvihill@ycst.com

**LATHAM & WATKINS LLP**
Richard A. Levy (admitted *pro hac vice*)
Caroline A. Reckler (admitted *pro hac vice*)
Asif Attarwala (admitted *pro hac vice*)
Brett V. Newman (admitted *pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:   (312) 876-7700
Facsimile:   (312) 993-9767
Email:      richard.levy@lw.com
          caroline.reckler@lw.com
          asif.attarwala@lw.com
          brett.newman@lw.com

- and -

George A. Davis (admitted *pro hac vice*)
Andrew C. Ambruoso (admitted *pro hac vice*)
Jeffrey T. Mispagel (admitted *pro hac vice*)
885 Third Avenue
New York, New York 10022
Telephone:   (212) 906-1200
Facsimile:   (212) 751-4864
Email:      george.davis@lw.com
          andrew.ambruoso@lw.com
          jeffrey.mispagel@lw.com

*Counsel for Debtors and Debtors in Possession*

**Exhibit F**

Exhibit F
Supplemental Service List
Served via First Class Mail

| MMLID | Name | Address1 | Address2 | Address3 | Address4 | City | State | PostalCode |
|-------|------|----------|----------|----------|----------|------|-------|------------|
| 11626370 | ALLIED DEVELOPMENT OF MEMPHIS | PO BOX 220439 | | | | GREAT NECK | NY | 11022-0439 |
| 11625830 | GLENBOROUGH | ATTN: ANDREW BATINOVICH | GLENBOROUGH LLC | PO BOX 5049 | | SAN MATEO | CA | 94402-0049 |
| 11749304 | RESEARCH PARK SHOPPES, LLC | 24 S OAK FOREST DR | | | | OKATIE | SC | 29909-4243 |
| 11625183 | RIO VISTA PLAZA LLC, A NEVADA LIMITED LIABILITY COMPANY | ATTN: KIM KELLOGG-PRUITT | WALKER FIVE LP | C/O RIDGE POINTE ASSET MGMNT | 102 S GOLIAD ST # 200 | ROCKWALL | TX | 75087-3742 |
| 11625068 | SIENNA RETAIL DEVELOPMENT, LLC. | ATTN: SHERRI BROUGHTON | C/O WILLIAMSBURG ENTERPRISES | 3 RIVERWAY STE 1100 | | HOUSTON | TX | 77056-1968 |

**Exhibit G**

SRF 47314

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GNC HOLDINGS, INC., *et al.*, | ) Case No. 20-11662 (KBO) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |
| | ) Re: Docket No. 1113 |
| | ) |

## NOTICE OF FILING OF AMENDED DESIGNATION NOTICE

**PLEASE TAKE NOTICE THAT** on July 1, 2020, GNC Holdings, Inc. and its affiliate debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "***Debtors***"), filed their *Debtors' Motion for Entry of an Order Approving (I)(A) the Debtors' Entry Into Stalking Horse Agreement And Related Bid Protections, (B) the Bidding Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (C) the Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, (D) the Form and Manner of Notice of the Sale Hearing, Assumption Procedures, and Auction Results, and (E) Dates for an Auction and Sale Hearing, (II)(A) the Sale of Substantially All of the Debtors' Assets Free and Clear of All Claims, Liens, Liabilities, Rights, Interests and Encumbrances, and (B) the Debtors' Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (III) Related Relief, and (III) Granting Related Relief* [Docket No. 227] (the "***Bidding Procedures Motion***").[2]

**PLEASE TAKE FURTHER NOTICE THAT**, on July 22, 2020, the Court entered an order [Docket No. 559] (the "***Bidding Procedures Order***") granting certain of the relief sought in the Bidding Procedures Motion, including, among other things, approving the Bidding Procedures, which established the key dates and times related to the Sale and the Auction, and approving the procedures for the selection and approval of a Stalking Horse Bidder.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's United States federal tax identification number, if applicable, or other applicable identification number, are:  GNC Holdings, Inc. (6244); GNC Parent LLC (7572); GNC Corporation (5170); General Nutrition Centers, Inc. (5168); General Nutrition Corporation (4574); General Nutrition Investment Company (3878); Lucky Oldco Corporation (7141); GNC Funding, Inc. (7837); GNC International Holdings, Inc. (9873); GNC China Holdco, LLC (0004); GNC Headquarters LLC (7550); Gustine Sixth Avenue Associates, Ltd. (0731); GNC Canada Holdings, Inc. (3879); General Nutrition Centres Company (0939); GNC Government Services, LLC (2226); GNC Puerto Rico Holdings, Inc. (4559); and GNC Puerto Rico, LLC (7234).  The Debtors' mailing address is 300 Sixth Avenue, Pittsburgh, Pennsylvania 15222.

[2]  Capitalized terms used but not otherwise defined herein will have the meanings set forth in the Bidding Procedures Order.

27047473.1

US-DOCS\117824323.2

PLEASE TAKE FURTHER NOTICE THAT, (i) on August 7, 2020, the Debtors entered into a Stalking Horse Agreement with Harbin Pharmaceutical Group Holding Co. (the "*Stalking Horse Bidder*"), for the sale of substantially all of the Debtors' assets pursuant to section 363 of the Bankruptcy Code (including the amendments referenced in (ii) and (iii), the "*Stalking Horse Agreement*") [Docket No. 660], (ii) on August 15, 2020, the Debtors entered into the First Amendment to Stalking Horse Agreement [Docket No. 728], and (iii) on August 19, 2020, the Debtors entered into the Second Amendment to Stalking Horse Agreement [Docket No. 790].

PLEASE TAKE FURTHER NOTICE THAT, on September 3, 2020, the Debtors filed those certain *Sixteenth (16th) – Twenty-Eighth (28th) Omnibus Motion For Entry Of an Order (A) Authorizing the Debtors to Assume and Assign Certain Unexpired Leases to Certain Franchisees and (B) Rejecting Certain Unexpired Subleases With Applicable Franchisees* [Docket Nos. 1043—1044 and 1046—1056] (the "*Franchisee Assignment Motions*") pursuant to which the Debtors requested authority to assume certain leases and assign such leases to the franchisees currently operating in the leased premises (collectively, the "*Franchisee Leases*").

PLEASE TAKE FURTHER NOTICE THAT, on September 10, 2020, the Debtors filed that certain *Notice of Filing of Designation Notice* [Docket No. 1113] (the "*Designation Notice*"), which, in accordance with section 2.5(b) of the Stalking Horse Agreement, attached the Stalking Horse Bidder's notice of designation of assumed agreements and assumed real property leases as Exhibit A thereto.  The Designation Notice inadvertently designated the Franchisee Leases to be assumed by the Stalking Horse Bidder.

PLEASE TAKE FURTHER NOTICE THAT, in order to correct this scrivener's error, a revised version of Exhibit A to the Designation Notice is attached here as **Exhibit A** (the "*Amended Designation Notice*"), which amends and restates the Designation Notice in all respects, and removes only those Franchisee Leases that the Debtors seek to assign to certain franchisees pursuant the Franchisee Assignment Motions.

PLEASE TAKE FURTHER NOTICE THAT, the hearing to consider the proposed Sale and the Franchisee Assignment Motions is **September 17, 2020 at 10:00 a.m. (ET)** (the "*Sale Hearing*").

PLEASE TAKE FURTHER NOTICE THAT if you would like to obtain a copy of the Bidding Procedures Order, the Stalking Horse Agreement, the Stalking Horse Extension Order, the Stalking Horse Order, the Adequate Assurance Information, or related documents, you should contact Prime Clerk LLC, the claims agent retained by the Debtors in these chapter 11 cases, by: (i) calling the Debtors' restructuring hotline at (844) 974-2132 (or (347) 505-7137 for international calls); (ii) visiting the Debtors' restructuring website at: https://cases.primeclerk.com/GNC; and/or (iii) sending an email to GNCInfo@primeclerk.com.  You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at:  http://www.deb.uscourts.gov.

Dated: September 17, 2020
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Kara Hammond Coyle* .
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Andrew L. Magaziner (No. 5426)
Joseph M. Mulvihill (No. 6061)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 571-6600
Facsimile:    (302) 571-1253
Email:      mnestor@ycst.com
          kcoyle@ycst.com
          amagaziner@ycst.com
          jmulvihill@ycst.com

**LATHAM & WATKINS LLP**
Richard A. Levy (admitted *pro hac vice*)
Caroline A. Reckler (admitted *pro hac vice*)
Asif Attarwala (admitted *pro hac vice*)
Brett V. Newman (admitted *pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:    (312) 876-7700
Facsimile:    (312) 993-9767
Email:      richard.levy@lw.com
          caroline.reckler@lw.com
          asif.attarwala@lw.com
          brett.newman@lw.com

- and -

George A. Davis (admitted *pro hac vice*)
Andrew C. Ambruoso (admitted *pro hac vice*)
Jeffrey T. Mispagel (admitted *pro hac vice*)
885 Third Avenue
New York, New York 10022
Telephone:    (212) 906-1200
Facsimile:    (212) 751-4864
Email:      george.davis@lw.com
          andrew.ambruoso@lw.com
          jeffrey.mispagel@lw.com

*Counsel for Debtors and Debtors in Possession*

## Exhibit A

**Amended Schedule of Assumed Agreements and Assumed Real Property Leases**

The schedule of Amended Assumed Agreements and Amended Assumed Real Property Leases has been intentionally omitted from Exhibit A. In the event that you would like to review both the list of Amended Assumed Agreements and Amended Assumed Real Property Leases, the full Designation Notice is available on the website maintained by the Debtors' claims and noticing agent, http://media.primeclerk.com/gnc/amendeddesignationnotice.pdf. If you would like to receive a copy of the full Designation Notice, please email Troy Bollman, paralegal, at tbollman@ycst.com.

**Exhibit H**

Exhibit H
Supplemental Service List
Served via First Class Mail

| MMLID | Name | Address1 | City | State | PostalCode |
|---|---|---|---|---|---|
| 11626370 | ALLIED DEVELOPMENT OF MEMPHIS | PO BOX 220439 | GREAT NECK | NY | 11022-0439 |
| 11850852 | GLENBOROUGH | PO BOX 5049 | SAN MATEO | CA | 94402-0049 |
| 11749304 | RESEARCH PARK SHOPPES, LLC | 24 S OAK FOREST DR | OKATIE | SC | 29909-4243 |
| 11850556 | RIO VISTA PLAZA, LLC | 102 S GOLIAD ST #200 | ROCKWALL | TX | 75087-3742 |