**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Vitamin OldCo Holdings, Inc., | ) | Case No. 20-11662 (KBO) |
| (f/k/a GNC Holdings, Inc.), *et al.*, | ) | |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) | |
| | ) | |

### SUPPLEMENTAL AFFIDAVIT OF SERVICE

I, Nuno Cardoso, depose and say that I am employed by Prime Clerk LLC ("**_Prime Clerk_**"), the claims and noticing agent for the Debtors in the above-captioned chapter 11 cases.

On October 30, 2020, at my direction and under my supervision, employees of Prime Clerk caused the following documents and a Proof of Claim Form (1) customized to include the name and address of the party, and the debtor, amount, nature and classification of the scheduled claim, to be served via first class mail on 2028 Properties, LLC (MMLID#11232233), PMB 384, 657 S Hurstbourne Pkwy, Ste. D, Louisville, KY, 40222-5095 and on Megafood (MMLID#10817351), 380 Harvey Road, Manchester, NH, 03103; (2) customized to include the name and address of the party and an indication that the party appears on Schedule G, to be served via first class mail on Herrin Commercial Real Estate (MMLID#11229614), 3100 Monticello Ave., Ste. 600, Dallas, TX, 75205-3439 and on Regency Centers Corp. Regency Centers Inc. (MMLID#11235371), Golf Mill Retail LP, 302 Datura St., Ste. 100, West Palm Beach, FL, 33401-5481:

- Notice of Sale, Bidding Procedures, Auction, and Sale Hearing [Docket No. 564]

- Notice of Deadline for the Filing of Proofs of Claim, Including for Claims Asserted Under Section 503(b)(9) of the Bankruptcy Code [Docket No. 549]

---

[1] The debtors in these Chapter 11 Cases, along with the last four digits of each debtor's United States federal tax identification number, if applicable, or other applicable identification number, are: Vitamin OldCo Holdings, Inc. (f/k/a GNC Holdings, Inc.) (6244); Vitamin OldCo Parent LLC (f/k/a GNC Parent LLC) (7572); Vitamin OldCo Corporation (f/k/a GNC Corporation) (5170); Vitamin OldCo Centers, Inc. (f/k/a General Nutrition Centers, Inc.) (5168); Vitamin OldCo, Inc. (f/k/a General Nutrition Corporation) (4574); Vitamin OldCo Investment Company (f/k/a General Nutrition Investment Company) (3878); Vitamin OldCo Lucky Corporation (f/k/a Lucky Oldco Corporation) (7141); Vitamin OldCo Funding, Inc. (f/k/a GNC Funding, Inc.) (7837); Vitamin OldCo International Holdings, Inc. (f/k/a GNC International Holdings, Inc.) (9873); Vitamin OldCo Headquarters LLC (f/k/a GNC Headquarters LLC) (7550); Vitamin HoldCo Associates, Ltd. (f/k/a Gustine Sixth Avenue Associates, Ltd.) (0731); Vitamin OldCo Canada Holdings, Inc. (f/k/a GNC Canada Holdings, Inc.) (3879); Vitamin OldCo Centres Company (f/k/a General Nutrition Centres Company) (0939); Vitamin OldCo Government Services, LLC (f/k/a GNC Government Services, LLC) (2226); Vitamin OldCo Puerto Rico Holdings, Inc. (f/k/a GNC Puerto Rico Holdings, Inc.) (4559); and Vitamin OldCo Puerto Rico, LLC (f/k/a GNC Puerto Rico, LLC) (7234). The debtors' mailing address is 300 Sixth Avenue, Pittsburgh, Pennsylvania 15222.

- Proof of Claim form, a copy of which is attached hereto as **Exhibit A** (the ***"Proof of Claim Form"***)

On October 30, 2020, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via first class mail on Sembler Company (MMLID# 11234728), 4531 Olde-Perimeter Way, #230, Atlanta, GA, 30346:

- Notice of Potential Assumption of Executory Contracts or Unexpired Leases and Cure Amounts [Docket No. 614, Pages 1-5, 72-332]

On October 30, 2020, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via first class mail on Focus Vision (MMLID#11619923), 5 Hanover Square, 5th Floor, Suite 502, New York, NY, 10004:

- Supplemental Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts [Docket No. 927]

On October 30, 2020, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via first class mail on the 16th Omnibus Objection Notice Parties Service List attached hereto as **Exhibit B**.

- Debtors' Sixteenth (16th) Omnibus Motion for Entry of an Order (A) Authorizing the Debtors to Assume and Assign Certain Unexpired Leases to Certain Franchisees and (B) Rejecting Certain Unexpired Subleases with Applicable Franchisees [Docket No. 1043]

On October 30, 2020, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via first class mail on the 17th Omnibus Objection Notice Parties Service List attached hereto as **Exhibit C**.

- Debtors' Seventeenth (17th) Omnibus Motion for Entry of an Order (A) Authorizing the Debtors to Assume and Assign Certain Unexpired Leases to Certain Franchisees and (B) Rejecting Certain Unexpired Subleases with Applicable Franchisees [Docket No. 1044]

On October 30, 2020, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via first class mail on the 18th Omnibus Objection Notice Parties Service List attached hereto as **Exhibit D**.

- Debtors' Eighteenth (18th) Omnibus Motion for Entry of an Order (A) Authorizing the Debtors to Assume and Assign Certain Unexpired Leases to Certain Franchisees and (B) Rejecting Certain Unexpired Subleases with Applicable Franchisees [Docket No. 1046]

On October 30, 2020, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via first class mail on the 19th Omnibus Objection Notice Parties Service List attached hereto as **Exhibit E**.

- Debtors' Nineteenth (19th) Omnibus Motion for Entry of an Order (A) Authorizing the Debtors to Assume and Assign Certain Unexpired Leases to Certain Franchisees and (B) Rejecting Certain Unexpired Subleases with Applicable Franchisees [Docket No. 1047]

On October 30, 2020, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via first class mail on the 20th Omnibus Objection Notice Parties Service List attached hereto as **Exhibit F**.

- Debtors' Twentieth (20th) Omnibus Motion for Entry of an Order (A) Authorizing the Debtors to Assume and Assign Certain Unexpired Leases to Certain Franchisees and (B) Rejecting Certain Unexpired Subleases with Applicable Franchisees [Docket No. 1048]

On October 30, 2020, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via first class mail on the 21st Omnibus Objection Notice Parties Service List attached hereto as **Exhibit G**.

- Debtors' Twenty-First (21st) Omnibus Motion for Entry of an Order (A) Authorizing the Debtors to Assume and Assign Certain Unexpired Leases to Certain Franchisees and (B) Rejecting Certain Unexpired Subleases with Applicable Franchisees [Docket No. 1049]

On October 30, 2020, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via first class mail on Flocke & Avoyer Commercial Real Estate (MMLID# 11625886), Attn: Steve Avoyer, 6165 Greenwich Drive, Suite 110, San Diego, CA, 92122:

- Debtors' Twenty-Second (22nd) Omnibus Motion for Entry of an Order (A) Authorizing the Debtors to Assume and Assign Certain Unexpired Leases to Certain Franchisees and (B) Rejecting Certain Unexpired Subleases with Applicable Franchisees [Docket No. 1050]

On October 30, 2020, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via first class mail on (1) A.F. Jonna Development & Management Co. (MMLID#10947420), Austin Armstrong, AF Jonna Development LLC, 4036 Telegraph Road, Suite 201, Bloomfield Hills, MI, 48302 and on (2) Sienna Retail Development, LLC (MMLID#11625068), Attn: Sherri Broughton, Williamsburg Enterprises, 3 Riverway, Ste 1100, Houston, TX, 77056-1968:

- Debtors' Twenty-Third (23rd) Omnibus Motion for Entry of an Order (A) Authorizing the Debtors to Assume and Assign Certain Unexpired Leases to Certain Franchisees and (B) Rejecting Certain Unexpired Subleases with Applicable Franchisees [Docket No. 1051]

On October 30, 2020, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via first class mail on the 24th Omnibus Objection Notice Parties Service List attached hereto as **Exhibit H**.

- Debtors' Twenty-Fourth (24th) Omnibus Motion for Entry of an Order (A) Authorizing the Debtors to Assume and Assign Certain Unexpired Leases to Certain Franchisees and (B) Rejecting Certain Unexpired Subleases with Applicable Franchisees [Docket No. 1052]

On October 30, 2020, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via first class mail on Harsch Investment Properties (MMLID#11749225), 1121 SW Salmon Street, Suite 500, Portland, OR, 97205:

- Debtors' Twenty-Fifth (25th) Omnibus Motion for Entry of an Order (A) Authorizing the Debtors to Assume and Assign Certain Unexpired Leases to Certain Franchisees and (B) Rejecting Certain Unexpired Subleases with Applicable Franchisees [Docket No. 1053]

On October 30, 2020, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via first class mail on Colonial Commercial Real Estate (MMLID#11626948), Attn: Dorothy Leseman, 66 Fort Point Street, 2nd Floor, Norwalk, CT, 06855 and on Fulcrum Development (MMLID#10947180), Shelby McIntosh, 10003 NW Military Highway, Suite 2205, San Antonio, TX, 78231:

- Debtors' Twenty-Sixth (26th) Omnibus Motion for Entry of an Order (A) Authorizing the Debtors to Assume and Assign Certain Unexpired Leases to Certain Franchisees and (B) Rejecting Certain Unexpired Subleases with Applicable Franchisees [Docket No. 1054]

On October 30, 2020, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via first class mail on the 27th Omnibus Objection Notice Parties Service List attached hereto as **Exhibit I**.

- Debtors' Twenty-Seventh (27th) Omnibus Motion for Entry of an Order (A) Authorizing the Debtors to Assume and Assign Certain Unexpired Leases to Certain Franchisees and (B) Rejecting Certain Unexpired Subleases with Applicable Franchisees [Docket No. 1055]

On October 30, 2020, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via first class mail on DPI Retail Properties (MMLID#11749207), 4160 East Highland Ave, # F-1, Highland, CA, 92346:

- Debtors' Twenty-Eighth (28th) Omnibus Motion for Entry of an Order (A) Authorizing the Debtors to Assume and Assign Certain Unexpired Leases to Certain Franchisees and (B) Rejecting Certain Unexpired Subleases with Applicable Franchisees [Docket No. 1056]

On October 30, 2020, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via first class mail on GE Nutrients Inc. (GENCOR) (MMLID#12145525), 19700 Fairchild Road, Suite 330, Irvine, CA, 92612 and on Nutrition 21, LLC (MMLID#12145215), 500 Mamaroneck Ave., Suite 510, Harrison, NY, 10528:

- Second Supplemental Notice of Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and Cure Amounts [Docket No. 1111]

On October 30, 2020, at my direction and under my supervision, employees of Prime Clerk caused the following document and the Proof of Claim Form, customized to include the name and address of the party, and the debtor, amount, nature and classification of the scheduled claim, to be served via first class mail on Tom J. Trounce (MMLID#11767408) at an address that has been redacted in the interest to privacy:

- Notice of Filing of Certain Amendments to (I) Schedule D for Debtor General Nutrition Centers, Inc. and (II) Schedule E/F, Part 2 for Certain Debtors, a copy of which is attached hereto as **Exhibit J**

On October 30, 2020, at my direction and under my supervision, employees of Prime Clerk caused the following documents to be served via first class mail on Turnto Networks, Inc. (MMLID#11245044), 330 7th Avenue, Suite 1203, New York, NY, 10001:

- Omnibus Order Shortening the Notice Period with respect to the Omnibus Motions of Debtors for Orders Authorizing the Debtors to Assume and Assign Certain Executory Contracts [Docket No. 1250]

- Thirty-Fifth (35th) Omnibus Order Authorizing the Debtors to Assume and Assign Certain Executory Contracts (the "35th Omnibus Order") [Docket No. 1299]

Dated: November 2, 2020

/s/ Nuno Cardoso
Nuno Cardoso

State of New York
County of New York

Subscribed and sworn to (or affirmed) before me November 2, 2020, by Nuno Cardoso, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

/s/ PAUL PULLO
Notary Public, State of New York
No. 01PU6231078
Qualified in Nassau County
Commission Expires November 15, 2022

SRF 47651

**Exhibit A**

**United States Bankruptcy Court, District of Delaware**

| Fill in this information to identify the case (Select only one Debtor per claim form): | | |
|---|---|---|
| ❑ GNC Holdings, Inc. (Case No. 20-11662) | ❑ GNC Funding, Inc. (Case No. 20-11669) | ❑ GNC Government Services, LLC (Case No. 20-11676) |
| ❑ GNC Parent LLC (Case No. 20-11663) | ❑ GNC International Holdings, Inc. (Case No. 20-11670) | ❑ GNC Puerto Rico Holdings, Inc. (Case No. 20-11677) |
| ❑ GNC Corporation (Case No. 20-11664) | ❑ GNC China Holdco LLC (Case No. 20-11671) | ❑ GNC Puerto Rico, LLC (Case No. 20-11678) |
| ❑ General Nutrition Centers, Inc. (Case No. 20-11665) | ❑ GNC Headquarters LLC (Case No. 20-11672) | |
| ❑ General Nutrition Corporation (Case No. 20-11666) | ❑ Gustine Sixth Avenue Associates, Ltd. (Case No. 20-11673) | |
| ❑ General Nutrition Investment Company (Case No. 20-11667) | ❑ GNC Canada Holdings, Inc. (Case No. 20-11674) | |
| ❑ Lucky Oldco Corporation (Case No. 20-11668) | ❑ General Nutrition Centres Company (Case No. 20-11675) | |

## Modified Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, **such as** promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim) _____

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

❑ No
❑ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name _____ | Name _____ |
| Number     Street _____ | Number     Street _____ |
| City          State          ZIP Code | City          State          ZIP Code |
| Contact phone _____ | Contact phone _____ |
| Contact email _____ | Contact email _____ |

**4. Does this claim amend one already filed?**

❑ No
❑ Yes.   Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

❑ No
❑ Yes. Who made the earlier filing? _____

**Part 2:**    **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| **6. Do you have any number you use to identify the debtor?** | ❑ No<br>❑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____ |

| | |
|---|---|
| **7.  How much is the claim?** | $_____. **Does this amount include interest or other charges?**<br>❑ No<br>❑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| **8. What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>_____ |

| | |
|---|---|
| **9. Is all or part of the claim secured?** | ❑ No<br>❑ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br><br>❑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>❑ Motor vehicle<br>❑ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**          $_____<br><br>**Amount of the claim that is secured:**      $_____<br><br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**      $_____<br><br>**Annual Interest Rate** (when case was filed)_____%<br>❑ Fixed<br>❑ Variable |

| | |
|---|---|
| **10. Is this claim based on a lease?** | ❑ No<br>❑ Yes. **Amount necessary to cure any default as of the date of the petition.**      $_____ |

| | |
|---|---|
| **11. Is this claim subject to a right of setoff?** | ❑ No<br>❑ Yes. Identify the property: _____ |

| | | |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br><br>☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(    ) that applies. | $ _____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br><br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $ _____ |

---

| **Part 3:** | **Sign Below** |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐  I am the creditor.

☐  I am the creditor's attorney or authorized agent.

☐  I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐  I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____ (mm/dd/yyyy)

_____
Signature

**Name of the person who is completing and signing this claim:**

Name       _____
           First name                Middle name                Last name

Title      _____

Company    _____
           Identify the corporate servicer as the company if the authorized agent is a servicer.

Address    _____
           Number        Street

           _____
           City                                    State        ZIP Code

Contact phone  _____     Email  _____

Modified Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                     12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://cases.primeclerk.com/gnc.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

GNC Holdings, Inc. Claims Processing Center
c/o Prime Clerk LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

> **Do not file these instructions with your form**

**Exhibit B**

Exhibit B

16th Omnibus Objection Notice Parties Service List

Served via first class mail

| MMLID | NAME | ADDRESS | ADDRESS 2 | CITY | STATE | ZIP |
|---|---|---|---|---|---|---|
| 11626818 | Hines Global REIT | Attn: Roger Anderson | 500 West 2nd Street | Austin | TX | 78701 |
| 11749348 | SHAPELL SOCAL RENTAL PROPERTIES, LLC | ATTN: ROBYN HEWITT | 3007 EARL RUDDER PWY S, STE 300 | COLLEGE STATION | TX | 77845-6681 |
| 11626431 | WPW Realty Advisors | Attn: David Werlin | 510 Bering Dr., Suite 530 | Houston | TX | 77057 |

In re:  Vitamin OldCo Holdings, Inc. (f/k/a GNC Holdings, Inc.), *et al.*

Case No. 20-11662 (KBO)

**Exhibit C**

Exhibit C

17th Omnibus Objection Notice Parties Service List

Served via first class mail

| MMLID | NAME | ADDRESS | ADDRESS 2 | ADDRESS 3 | CITY | STATE | ZIP |
|---|---|---|---|---|---|---|---|
| 10945284 | BRIXMOR PROPERTY GROUP INC. | KEVIN WOOD | 953 HEMPSTEAD RD | | CINCINNATI | OH | 45231 |
| 10945282 | MILESTONE COMPANY | TERRI MIZE | MCDOWELL ROAD AND PEBBLE CREEK PARKWAY | | GOODYEAR | AZ | 85395 |
| 11625188 | Reta Property Management Inc | Attn: Don Thomas | CBRE | 200 Concord Plaza Dr. | San Antonio | TX | 78216 |

**Exhibit D**

Exhibit D

18th Omnibus Objection Notice Parties Service List

Served via first class mail

| MMLID | NAME | ADDRESS | ADDRESS 2 | CITY | STATE | ZIP |
|---|---|---|---|---|---|---|
| 11626879 | Fidelity Land Development | Attn: Rebecca Niccolai | 641 Shunpike Road | Chatham | NJ | 07928 |
| 11626806 | Hurwitz Enterprises | Attn: Mimi Hurwitz | 1 Lawrence Square | Springfield | IL | 62704 |
| 11749279 | MICHAEL S. KENNEDY | 12308 N ROME AVE | | TAMPA | FL | 33612-4025 |
| 11626645 | Prestige NYC | Attn: Eric Shalem | 143 West 29th Street, Suite #1102 | New York | NY | 10001 |
| 11624949 | The Irvine Company | Attn: Butch Knerr | 550 Newport Center Drive | Newport Beach | CA | 92660 |

**Exhibit E**

Exhibit E
19th Omnibus Objection Notice Parties Service List
Served via first class mail

| MMLID | NAME | ADDRESS | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE | ZIP |
|---|---|---|---|---|---|---|---|---|
| 10946008 | ACADIA REALTY TRUST | JESSICA ZASKI | 411 THEODORE FREMD AVE | SUITE 300 | | RYE | NY | 10580 |
| 10945774 | PROPERTY ONE, INC. | MICHELE CASI | BEAU BOX REAL ESTATE | 5500 BANKERS AVENUE | 6725 SIEGEN LANE | BATON ROUGE | LA | 70808 |
| 10945740 | RETAIL PLANNING CORPORATION | FRASER GOUGH | 35 JOHNSON FERRY RD SE | | | MARIETTA | GA | 30068 |

**Exhibit F**

## Exhibit F

20th Omnibus Objection Notice Parties Service List
Served via first class mail

| MMLID | NAME | ADDRESS | ADDRESS 2 | ADDRESS 3 | CITY | STATE | ZIP |
|-------|------|---------|-----------|-----------|------|-------|-----|
| 11625591 | Kraus-Anderson Inc. | Attn: Latrice Dasher | 501 South Eighth Street | | Minneapolis | MN | 55404 |
| 11625240 | R K Centers | Attn: Andrew Fisch | 17100 Collins Avenue | Suite 225 | Sunny Isles Beach | FL | 33160 |
| 11625151 | Rosen McIntosh, LLC | Attn: Joseph E. Maguire | 40 East 69th Street | Fourth Floor | New York | NY | 10021-5016 |
| 11624853 | Vineland Construction | Attn: John Krauer | 228 W. Landis Ave | Suite 300 | Vineland | NJ | 08360 |

In re:  Vitamin OldCo Holdings, Inc. (f/k/a GNC Holdings, Inc.), *et al.*
Case No. 20-11662 (KBO)

**Exhibit G**

Exhibit G

21st Omnibus Objection Notice Parties Service List

Served via first class mail

| MMLID | NAME | ADDRESS | ADDRESS 2 | ADDRESS 3 | CITY | STATE | ZIP |
|---|---|---|---|---|---|---|---|
| 11625733 | illi Commercial Real Estate | Attn: Todd Nathanson | 17547 Ventura Boulevard | Suite 304 | Encino | CA | 91316 |
| 11625329 | Patchwork Farms PB, LLC | Attn: Erik Schatz | Retail Specialists, LLC | 2200 Magnolia Ave South, Suite100 | Birmingham | AL | 35205 |
| 11625147 | ROK Enterprises | Attn: Sergio Rok | Rok Acquisitions, LLC | Flagler Station, 48 East Flagler Street PH105 | Miami | FL | 33131 |
| 10946967 | SB RETAIL GROUP CARLSBAD LLC | TODD ROUTH | COMMERCIAL RETAIL GROUP | 11701 BEE CAVES RD., SUITE 262 | AUSTIN | TX | 78738 |

**Exhibit H**

Exhibit H

24th Omnibus Objection Notice Parties Service List

Served via first class mail

| MMLID | NAME | ADDRESS | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE | ZIP |
|-------|------|---------|-----------|-----------|-----------|------|-------|-----|
| 11626119 | Central Islip Holdings, LLC | Attn: Daniel Seligsohn | Centerpoint Property Management | Park 80 West, Plaza II | 250 Pehle Avenue, Suite 410 | Saddle Brook | NY | 07663 |
| 10947553 | NAI BLACK | JIM KOON | 105 N. 1ST STREET | SUITE 300 | | COEUR D'ALENE | ID | 83814 |
| 10947528 | RIVERCREST REALTY | BRIAN ERNENWEIN | 8816 SIX FORKS ROAD | SUITE 201 | | RALEIGH | NC | 27615 |

**Exhibit I**

## Exhibit I

27th Omnibus Objection Notice Parties Service List

Served via first class mail

| MMLID | NAME | ADDRESS | ADDRESS 2 | CITY | STATE | ZIP |
|-------|------|---------|-----------|------|-------|-----|
| 11626421 | 12945-13225 Peyton Drive Holdings, | Attn: Barclay Harty | 3501 Jamboree Rd., Ste # 100 | Newp | CA | 92660 |
| 11626059 | Combined Properties, Inc. | Attn: Andrew Iszard | 295 Canal Street, Suite 500 | Malde | MA | 02148 |
| 11749304 | RESEARCH PARK SHOPPES, LLC | 24 S OAK FOREST DR | | OKATI | SC | 29909-4243 |

In re:  Vitamin OldCo Holdings, Inc. (f/k/a GNC Holdings, Inc.), *et al.*

Case No. 20-11662 (KBO)                              Page 1 of 1

**Exhibit J**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GNC HOLDINGS, INC., *et al.*, | ) | Case No. 20-11662 (KBO) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 499** |

**NOTICE OF FILING OF CERTAIN AMENDMENTS TO
(I) SCHEDULE D FOR DEBTOR GENERAL NUTRITION CENTERS, INC.
AND (II) SCHEDULE E/F, PART 2 FOR CERTAIN DEBTORS**

            **PLEASE TAKE NOTICE** that, pursuant to Rule 1009(a) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), Rule 1009-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***"), and that certain *Order Establishing Bar Dates and Related Procedures for Filing Proofs of Claim (Including for Claims Arising Under Section 503(b)(9) of the Bankruptcy Code) and Approving the Form and Manner of Notice Thereof* [Docket No. 499] (the "***Bar Date Order***") entered on July 21, 2020, the above-captioned debtors and debtors in possession (collectively, the "***Debtors***") hereby (i) remove the scheduled claims of Bank of America listed at Item Nos. 2.2 through 2.12 on Schedule D of the Schedules of Assets and Liabilities [Docket No. 527] for Debtor General Nutrition Centers, Inc. (the "***Removed Claims***"), and (ii) amend Schedule E/F, Part 2 (the "***Schedules***") of the Schedules for certain of the Debtors, to add the claims set forth on <u>Exhibits 1</u> through <u>16</u> hereto (collectively, the "***Amended Scheduled Claims***"). The Amended Scheduled Claims amend and supplement the Schedules, and do not otherwise supersede or replace the Schedules. For the avoidance of doubt, the Amended Scheduled Claims are nonpriority unsecured claims.

            **PLEASE TAKE FURTHER NOTICE** that the Amended Scheduled Claims and the Schedules remain subject to the Global Notes filed with the Schedules.

            **PLEASE TAKE FURTHER NOTICE that, pursuant to the Bar Date Order, holders of the Removed Claims and any claimant whose Amended Scheduled Claim is listed on <u>Exhibits 1</u> through <u>16</u> hereto shall have until <u>September 29, 2020 at 5:00 P.M. (ET)</u> (the "<u>*Supplemental Bar Date*</u>") to file proofs of claim in respect of the Removed**

---

1    The debtors in these Chapter 11 Cases, along with the last four digits of each debtor's United States federal tax identification number, if applicable, or other applicable identification number, are: GNC Holdings, Inc. (6244); GNC Parent LLC (7572); GNC Corporation (5170); General Nutrition Centers, Inc. (5168); General Nutrition Corporation (4574); General Nutrition Investment Company (3878); Lucky Oldco Corporation (7141); GNC Funding, Inc. (7837); GNC International Holdings, Inc. (9873); GNC China Holdco, LLC (0004); GNC Headquarters LLC (7550); Gustine Sixth Avenue Associates, Ltd. (0731); GNC Canada Holdings, Inc. (3879); General Nutrition Centres Company (0939); GNC Government Services, LLC (2226); GNC Puerto Rico Holdings, Inc. (4559); and GNC Puerto Rico, LLC (7234). The debtors' mailing address is 300 Sixth Avenue, Pittsburgh, Pennsylvania 15222

**Claims or the Amended Scheduled Claims.  Under the Bar Date Order, any holder of a claim against either of the Debtors, other than those not required to file a proof of claim pursuant to the terms of the Bar Date Order, who fails to file a proof of such claim in accordance with the Bar Date Order on or before the Supplemental Bar Date, shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution in these chapter 11 cases.**

All rights of the Debtors and their estates to (i) object to any proof of claim on any grounds, (ii) dispute, or assert offsets or defenses to, any claim reflected on the Schedules, or any amendments thereto, including the Amended Scheduled Claims, as to amount, liability, priority, classification, or otherwise, and (iii) subsequently designate any claim as disputed, contingent, unliquidated, or undetermined are reserved.  In addition, the Debtors and their estates reserve their rights to further amend their Schedules, including with respect to the claims addressed herein, in accordance with the Bankruptcy Rules, the Local Rules, and the Bar Date Order.

Dated: September 8, 2020
      Wilmington, Delaware

<table>
<tr><td>

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**


 /s/ Kara Hammond Coyle
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Andrew L. Magaziner (No. 5426)
Joseph M. Mulvihill (No. 6061)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email:  mnestor@ycst.com
      kcoyle@ycst.com
      amagaziner@ycst.com
      jmulvihill@ycst.com

</td><td>

**LATHAM & WATKINS LLP**
Richard A. Levy (admitted *pro hac vice*)
Caroline A. Reckler (admitted *pro hac vice*)
Asif Attarwala (admitted *pro hac vice*)
Brett V. Newman (admitted *pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767
Email:  richard.levy@lw.com
      caroline.reckler@lw.com
      asif.attarwala@lw.com
      brett.newman@lw.com

- and -

George A. Davis (admitted *pro hac vice*)
Andrew C. Ambruoso (admitted *pro hac vice)*
Jeffrey T. Mispagel (admitted *pro hac vice*)
885 Third Avenue
New York, New York 10022
Telephone:  (212) 906-1200
Facsimile:  (212) 751-4864
Email:  george.davis@lw.com
      andrew.ambruoso@lw.com
      jeffrey.mispagel@lw.com

</td></tr>
</table>

*Counsel for Debtors and Debtors in Possession*