**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Vitamin OldCo Holdings, Inc., (f/k/a GNC Holdings, Inc.), *et al*., | Case No. 20-11662 (KBO) |
| | (Substantively Consolidated) |
| Liquidating Debtors.[1] | **Hearing Date: August 14, 2025 at 1:00 p.m. (ET)**<br>**Obj. Deadline: July 21, 2025 @ 4:00 p.m. (ET)** |

**LIQUIDATING DEBTORS' SEVENTEENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CERTAIN (I) MISCLASSIFIED CLAIMS AND (II) NO LIABILITY CLAIMS**

**THIS OBJECTION SEEKS TO RECLASSIFY AND/OR DISALLOW CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS SHOULD CAREFULLY REVIEW THIS OBJECTION AND THE SCHEDULE ATTACHED TO THIS OBJECTION TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1 AND SCHEDULE 2 TO EXHIBIT A ATTACHED HERETO.**

Meta Advisors, Inc. as Plan Administrator (the "Plan Administrator") on behalf of the Liquidating Debtors in the above-captioned case (the "Liquidating Debtors"),[2] hereby files this objection (the "Objection") and respectfully requests entry of an order, substantially in the form

[1] The Liquidating Debtors, along with the last four digits of each Liquidating Debtor's United States federal tax identification number, if applicable, or other applicable identification number, are: Vitamin OldCo Holdings, Inc. (f/k/a GNC Holdings, Inc.) (6244); Vitamin OldCo, Inc. (f/k/a General Nutrition Corporation) (4574); Vitamin OldCo Investment Company (f/k/a General Nutrition Investment Company) (3878); Vitamin OldCo Lucky Corporation (f/k/a Lucky Oldco Corporation) (7141); Vitamin OldCo Headquarters LLC (f/k/a GNC Headquarters LLC) (7550); Vitamin OldCo Associates, Ltd. (f/k/a Gustine Seventh Avenue Associates, Ltd.) (0731); Vitamin OldCo Canada Holdings, Inc. (f/k/a GNC Canada Holdings, Inc.) (3879); Vitamin OldCo Centres Company (f/k/a General Nutrition Centres Company) (0939); and Vitamin OldCo Government Services, LLC (f/k/a GNC Government Services, LLC) (2226). On December 2, 2020, this Court entered the *Order and Final Decree Closing 11 Cases of Non-Lead Debtors* [Docket No. 1651], closing each of the Liquidating Debtors' chapter 11 cases other than the chapter 11 case of Vitamin OldCo Holdings, Inc. (f/k/a GNC Holdings, Inc.). The mailing address of the Liquidating Debtors, solely for purposes of notices and communications, is Vitamin OldCo Holdings, Inc. (f/k/a GNC Holdings, Inc.), c/o Meta Advisors, Inc., Attn: James S. Carr, 3 World Trade Center, 175 Greenwich Street, New York, NY 10007.

[2] In the Plan (defined below), the Liquidating Debtors are referred to as the "Reorganized Debtors." The term "Liquidating Debtors" as used herein has the meaning ascribed to Reorganized Debtors in the Plan.

attached hereto as Exhibit A (the "Proposed Order"), reclassifying and/or disallowing and expunging certain Proofs of Claim set forth on Schedule 1 (the "Misclassified Claims") and Schedule 2 (the "No Liability Claims" and together with the Misclassified Claims, the "Disputed Claims") to the Proposed Order. In support of this Objection, the Liquidating Debtors have filed the *Declaration of Dana P. Kane in Support of the Liquidating Debtors' Seventeenth Omnibus (Substantive) Objection to Certain (I) Misclassified Claims and (II) No Liability Claims* (the "Kane Declaration"), a copy of which is attached hereto as Exhibit B, and respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and, under Rule 9013-1(f) of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "Local Rules") the Liquidating Debtors consent to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue of this case and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3007-1.

## BACKGROUND

3. On June 23, 2020 (the "Petition Date"), the debtors (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court.

4. On July 21 and July 22, 2020 the Debtors filed their schedules of assets and liabilities and statements of financial affairs (collectively, and as they have been and may be further modified, amended, or supplemented from time to time, the "Schedules") [Docket Nos. 507-540].

5. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these Chapter 11 Cases, is set forth in detail in the *Declaration of Tricia Tolivar, Chief Financial Officer of GNC Holdings, Inc. in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") [Docket No. 21].[3]

### I. THE PLAN

6. On August 20, 2020, the Debtors filed (i) the solicitation version of the *Third Amended Joint Chapter 11 Plan of Reorganization of GNC Holdings, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* (including all exhibits and supplements thereto, the "Solicited Plan") [Docket No. 849]; and (ii) the *Disclosure Statement for Third Amended Joint Plan of Reorganization for GNC Holdings, Inc. and Its Debtor Affiliates under Chapter 11 of the Bankruptcy Code* [Docket No. 851].

7. Thereafter on October 13, 2020, the Debtors filed their *Seventh Amended Joint Chapter 11 Plan of Reorganization of GNC Holdings, Inc. and Its Debtor Affiliates Under Chapter*

[3] The First Day Declaration and other relevant case information is available from (a) the Court's CM/ECF system at ecf.deb.uscourts.gov (PACER account required), and (b) free of charge through the website maintained by the Debtors' claims and noticing agent, Prime Clerk LLC, at https://cases.primeclerk.com/GNC.

*11 of the Bankruptcy Code* (including all exhibits and supplements thereto, and as modified or amended from time to time, the "Plan") [Docket No. 1398], which includes modifications to the Solicited Plan related to a certain global settlement among the Debtors, the Official Committee of Unsecured Creditors (the "Committee") and various other interested parties.

8. On October 14, 2020, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming Seventh Amended Joint Chapter 11 Plan of Reorganization of GNC Holdings, Inc. and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* (the "Confirmation Order") [Docket No. 1415] confirming the Plan pursuant to section 1129 of the Bankruptcy Code and approving all documents included in the Plan Supplement (as defined in the Confirmation Order) necessary to implement the Plan.

9. Pursuant to paragraph 23 of the Confirmation Order, as of the Effective Date (defined below), Meta Advisors, Inc. was appointed as Plan Administrator and META Advisors LLC was appointed as designee of the Plan Administrator pursuant to the terms of the Plan Administrator Agreement (the "PAA"). The Confirmation Order further approved the PAA and the terms thereof and authorized the then Liquidating Debtors to enter into and perform under the PAA. *See* Confirmation Order, ¶ 23.[4]

10. On October 30, 2020 (the "Effective Date"), the Plan was declared effective. *See* Docket No. 1509.

## II. THE CLAIMS RESOLUTION PROCESS

11. On July 21, 2020, the Court entered the *Order Establishing Bar Dates and Related Procedures for Filing Proofs of Claim (Including for Claims Arising Under Section 503(b)(9) of the Bankruptcy Code) and Approving the Form and Manner of Notice Thereof* (the "Bar Date

[4] Since the entry of the Confirmation Order and the occurrence of the Effective Date (defined below), several of the then Liquidating Debtors have been dissolved.

Order") [Docket No. 499] establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code (collectively, the "Proofs of Claim").

12. On and after July 22, 2020, Prime Clerk LLC,[5] the Debtors' court-appointed claims and noticing agent, mailed the *Notice of Deadline for Filing Proofs of Claim, Including for Claims Asserted Under Section 503(b)(9) of the Bankruptcy Code* (the "Bar Date Notice") [Docket No. 549] and proof of claim forms to all of the Debtors' creditors and other known parties in interest as of the Petition Date. *See* Certificates of Service [Docket Nos. 623, 626, 751, 936, 956, 962, 1012. 1098, 1331, 1333, 1412, 1448 & 1460].

13. The Bar Date Notice provided that "[a]ny person or entity holding an equity security (as defined in section 101(16) of the Bankruptcy Code and including, without limitation, common stock, preferred stock, warrants or stock options) or other ownership interest in the Debtors (an "Interest Holder") is not required to file a proof of interest on or before the applicable Bar Date." Bar Date Notice ¶ 2(B); *see also* Plan, Art. III(B)(9)(b) ("Holders of Equity Interests shall receive no distribution on account of their Equity Interests. On the Effective Date, all Equity Interests will be canceled and extinguished and will be of no further force or effect.").

14. The Bar Date Order established (i) August 28, 2020 at 5:00 p.m. (prevailing Eastern Time) (the "General Bar Date") as the last date for persons or entities other than governmental units to file claims against the Debtors that arose, or are deemed to have arisen, prior to the Petition Date, including claims arising under section 503(b)(9) of the Bankruptcy Code (but excluding rejection damages claims), (ii) December 21, 2020 at 5:00 p.m. (prevailing Eastern Time) (the "Governmental Bar Date") as the last date for governmental units to file such prepetition proofs

---

[5] Effective March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring LLC (the "Claims Agent").

of claim, and (iii) the later of the General Bar Date and 5:00 p.m. (prevailing Eastern Time) on that date that is thirty (30) days following service[6] of an order approving the rejection of any executory contract or unexpired lease of the Debtors (the "Rejection Damages Bar Date") as the deadline for filing claims arising from the rejection of an executory contract or unexpired lease.

15. The Confirmation Order and Plan provide that after the Effective Date, the Liquidating Debtors shall continue in existence for the purposes of, *inter alia*, "resolving Disputed Claims as provided in the Plan." *See* Confirmation Order, ¶ 121; Plan, § IV.W. The Plan provides that the Liquidating Debtors, "shall have and shall retain any and all available rights and defenses that the Debtors had with respect to any Claim, including, without limitation, the right to assert any objection to Claims based on the limitations imposed by section 502 of the Bankruptcy Code."[7] *See* Plan, § VII.A. The Plan further provides that "[e]xcept as otherwise specifically provided in the Plan or the [PAA], the [Liquidating] Debtors shall have the sole authority: (1) to file, withdraw, or litigate to judgment objections to Claims; (2) to settle or compromise any Disputed Claim without any further notice to or action, order, or approval by the Bankruptcy Court; and (3) to administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court." *See* Plan, § VII.B.

---

[6] Although the Bar Date Order sets the Rejection Damages Bar Date as thirty days following *service* of an order approving the rejection of any executory contract or unexpired lease, various subsequent orders entered by the Court in connection with the Debtors' rejection of executory contracts and unexpired leases set the Rejection Damages Bar Date as thirty days following *entry* of an order approving the rejection of any executory contract or unexpired lease. The Bar Date Notice also described the Rejection Damages Bar Date as thirty days following *entry* of an order approving the rejection of any executory contract or unexpired lease. The Liquidating Debtors reserve the right to object to any rejection damages claims filed after thirty days following entry of an order approving the rejection of any executory contract or unexpired lease.

[7] The Plan defines a "Claim" as "any claim, as defined in section 101(5) of the Bankruptcy Code, against any of the Debtors" and an "Administrative Claim" to include "a Claim . . . for costs and expenses of administration under sections 503(b), 507(b), or 1114(e)(2) of the Bankruptcy Code . . . " *See* Plan §§ I.A(15) and I.A(40).

16. Pursuant to the PAA, the Plan Administrator is authorized to take all actions necessary to implement the Plan on behalf of the Liquidating Debtors, including among other things, to administer, reconcile, object to, and settle or otherwise litigate to resolution all Disputed Claims, as are defined in the Plan. *See* PAA, § 2.1(c)(iii).

## III. THE DISPUTED CLAIMS

17. The register of claims (the "Claims Register"), prepared and provided by the Claims Agent, indicates that more than 4,400 Proofs of Claim have been filed in the Chapter 11 Cases.

18. In the ordinary course of business, the Debtors maintained books and records (the "Books and Records") that reflect, among other things, the nature and amount of the liabilities owed to their creditors. The Debtors and their professionals began, and the Liquidating Debtors and their professionals have continued, reviewing, comparing, and reconciling the Proofs of Claim (including any supporting documentation) with the Debtors' Schedules and Books and Records. This reconciliation process includes identifying particular categories of claims that may be subject to objection. While this analysis and reconciliation is ongoing, the Liquidating Debtors have determined that certain claims should be reclassified for one or more reasons. Accordingly, the Liquidating Debtors file this Objection seeking the relief requested below.

### A. THE MISCLASSIFIED CLAIMS

19. Claimants who filed the Misclassified Claims set forth in Schedule 1 to the Proposed Order allege that all or a portion of their claims are secured. Based on a review of the Misclassified Claims and the supporting documentation submitted therewith, the Liquidating Debtors have determined that the Misclassified Claims listed on Schedule 1 are improperly classified as secured claims.

20. As such, the Misclassified Claims listed on Schedule 1 should be reclassified accordingly.

**B. THE NO LIABILITY CLAIMS**

21. The No Liability Claims set forth on Schedule 2 to the Proposed Order are asserted in connection with obligations for which the now Liquidating Debtors have no liability because they each relate to a franchise and/or a subleased location, for which any remaining personal property tax liability is owed by the franchisees/sublessees, who were the owners of the relevant personal property, and not the Debtors.

22. Accordingly, the No Liability Claims listed on Schedule 2 are unenforceable against the Debtors, and thus are unenforceable against the Liquidating Debtor. As a result, the No Liability Claims listed on Scheduled 2 should be disallowed and expunged.

**RELIEF REQUESTED**

23. By this Objection, the Liquidating Debtors respectfully request entry of the Proposed Order reclassifying and/or disallowing and expunging the Disputed Claims to the extent set forth therein.

**BASIS FOR RELIEF**

24. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Once an objection to a claim is filed, the Court, after notice and a hearing, shall determine the allowed amount of the claim. *See* 11 U.S.C. § 502(b).

25. Section 502(b)(1) of the Bankruptcy Code provides, in part, that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). While a properly filed Proof of Claim is prima facie evidence of the claim's allowed amount, when an objecting party rebuts a claim's prima facie validity, the claimant bears the burden of proving the claim's validity by a preponderance of evidence. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992).

The burden of persuasion with respect to the claim is always on the claimant. *See id*. at 174. Pursuant to Bankruptcy Rule 3007(d), a debtor is permitted to file omnibus objections to more than one claim on the bases enumerated therein. Fed. R. Bankr. P. 3007(d).

26. The Liquidating Debtors object to the Misclassified Claims listed on Schedule 1 to the Proposed Order because the Misclassified Claims seek payment as secured claims, but are not secured under applicable law.

27. Upon review of the Misclassified Claims and the supporting documentation submitted with the Misclassified Claims, the Plan Administrator has determined that the Misclassified Claims listed on Schedule 1 are not secured and instead should be reclassified as general unsecured claims.

28. Accordingly, the Misclassified Claims listed on Schedule 1 more appropriately constitute general unsecured claims. The Plan Administrator requests that the Court order reclassifying the Misclassified Claims as general unsecured claims in the manner and amounts listed, subject to the Plan Administrator's, Liquidating Debtors' or any other parties' further objections on any substantive or non-substantive grounds.

29. The Plan Administrator objects to the No Liability Claims listed on Schedule 2 to the Proposed Order because, upon review of the Debtors' relevant Books and Records and the supporting documentation submitted with the No Liability Claims, the No Liability Claims seek recovery of amounts that are asserted in connection with obligations for which the Debtors have no liability.

30. Accordingly, the Liquidating Debtors seek entry of an order disallowing and expunging in their entirety the No Liability Claims listed on Schedule 2.

## RESPONSES TO THE OBJECTION

31. **Filing and Service of Responses**: To contest the Objection, a Claimant must file and serve a written response to the Objection (a "Response") so that it is actually received by the Clerk of the Court and the parties in the following paragraph no later than **4:00 p.m. (ET) on July 21, 2025** (the "Response Deadline"). Claimants should locate their names and Disputed Claims on the Schedules attached to the Proposed Order, and carefully review the Objection. A Response must address each ground upon which the Liquidating Debtors object to a particular Disputed Claim. A hearing to consider the Objection, if necessary, will be held on **August 14, 2025 at 1:00 p.m. (ET)**, before the Honorable Karen B. Owens, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Courtroom 3, Wilmington, Delaware 19801 or via telephone and videoconference (the "Hearing").

32. Each Response must be filed and served upon the following entities at the following addresses:

Office of the Clerk
United States Bankruptcy Court
for the District of Delaware
824 North Market Street, 3rd Floor
Wilmington, Delaware 19801

-and-

Meta Advisors, Inc.
Attn: James S. Carr, President
3 World Trade Center
175 Greenwich Street
New York, NY 10007

-and-

**LOWENSTEIN SANDLER LLP**
Michael Etkin, Esq.
Colleen M. Restel, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
Email: metkin@lowenstein.com

crestel@lowenstein.com

-and-

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
Jennifer R. Hoover, Esq.
Steven L. Walsh, Esq.
1313 N. Market Street, Suite 1201
Wilmington, DE 19801
Telephone: (302) 442-7012
Email: jhoover@beneschlaw.com
swalsh@beneschlaw.com

33. **Content of Responses**: Every Response to the Objection must contain, at a minimum, the following:

(a) a caption setting forth the name of the Court, the above-referenced case number and the title of the Objection to which the Response is directed;

(b) the name of the claimant and description of the basis for the amount of the Disputed Claim;

(c) a concise statement setting forth the reasons why a particular Disputed Claim should not be disallowed for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which the claimant will rely in opposing the Objection at the Hearing;

(d) all documentation or other evidence of the Disputed Claim in question, to the extent not already included with the claimant's Proof of Claim, upon which the claimant will rely in opposing the Objection at the Hearing;

(e) the name, address, telephone number, and email address of the person(s) (who may be the Claimant or a legal representative thereof) possessing ultimate authority to reconcile, settle, or otherwise resolve the Disputed Claim on behalf of the claimant; and

(f) the name, address, telephone number, and email address of the person(s) (who may be the claimant or a legal representative thereof) to whom the Liquidating Debtors should serve any reply to the Response.

34. **Timely Response Required; Hearing; Replies**: If a Response is properly and timely filed and served in accordance with the above procedures, the Liquidating Debtors will endeavor to reach a consensual resolution with the claimant. If no consensual resolution is reached, the Court will conduct a hearing with respect to the Objection and the Response on August 14,

2025 at 1:00 p.m. (ET), or such other date and time as parties filing Responses may be notified. Only those Responses made in writing and timely filed and received will be considered by the Court at any such hearing.

35. **Adjournment of Hearing**: The Liquidating Debtors reserve the right to adjourn the Hearing on any Disputed Claim included in the Objection. In the event that the Liquidating Debtors so adjourn the Hearing, the Liquidating Debtors will state that the Hearing on that particular Disputed Claim has been adjourned on the agenda for the Hearing on the Objection, which agenda will be served on the person designated by the claimant in its Response.

36. If a claimant whose Disputed Claim is subject to the Objection, and who is served with the Objection, fails to file and serve a timely Response in compliance with the foregoing procedures, the Liquidating Debtors will present to the Court an appropriate order disallowing the Disputed Claim without further notice to the claimant.

## SEPARATE CONTESTED MATTER

37. To the extent a Response is filed regarding any individual claim listed in this Objection and the Liquidating Debtors are unable to resolve the Response, the Objection to such claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

## RESERVATION OF RIGHTS

38. The Liquidating Debtors expressly reserve the right to amend, modify, or supplement this Objection, and to file additional objections to the Disputed Claims and any other claims (filed or not) that may be asserted against the Debtors, the Liquidating Debtors and their estates. Should one or more of the grounds of objection stated in the Objection be dismissed or overruled, the Liquidating Debtors reserve the right to object to each of the Disputed Claims or

any other Proofs of Claim on any other grounds that the Liquidating Debtors discover or elect to pursue.

39. Notwithstanding anything contained in the Objection, or the exhibits and schedules attached hereto, nothing herein will be construed as a waiver of any rights that the Plan Administrator, the Liquidating Debtors, or any successors thereto, may have to enforce rights of setoff against the claimants.

40. Nothing in this Objection shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors or the Liquidating Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or Liquidating Debtors' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' or Liquidating Debtors' estate; or (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

## <u>COMPLIANCE WITH LOCAL BANKRUPTCY RULE</u>

41. The undersigned representative of the Plan Administrator on behalf of the Liquidating Debtors has reviewed the requirements of Local Rule 3007-1 and certifies that the Objection substantially complies with that Local Rule. To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Liquidating Debtors believe such deviations are not material and respectfully request that any such requirement be waived.

## <u>NOTICE</u>

42. Notice of this Objection will be given to: (i) the U.S. Trustee; (ii) each claimant listed on the Schedules to the Proposed Order and affected by the relief requested herein; and (iii)

all parties who, as of the filing of the Objection, have filed a renewed notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002 and Article XII.F of the Plan. A copy of this Objection is also available on the Liquidating Debtors' case website at https://cases.primeclerk.com/GNC. In light of the nature of the relief requested herein, the Liquidating Debtors submit that no other or further notice is required.

**WHEREFORE**, the Liquidating Debtors respectfully request that the Court enter the Proposed Order, granting the relief requested in this Objection and such other relief as may be just and proper.

Dated: June 30, 2025
Wilmington, Delaware

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**
Michael Etkin, Esq.
Colleen M. Restel, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
Email: metkin@lowenstein.com
crestel@lowenstein.com

-and-

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
*/s/ Steven L. Walsh*
Jennifer R. Hoover, Esq. (No. 5111)
Steven L. Walsh, Esq. (No. 6499)
1313 N. Market Street, Suite 1201
Wilmington, DE 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
Email: jhoover@beneschlaw.com
swalsh@beneschlaw.com

*Co-Counsel for the Plan Administrator and Liquidating Debtors*