# EXHIBIT A

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Vitamin OldCo Holdings, Inc., (f/k/a GNC Holdings, Inc.), *et al.*, | Case No. 20-11662 (KBO) |
| | (Substantively Consolidated) |
| Liquidating Debtors.[1] | **Re: Docket No. ___** |

**ORDER SUSTAINING LIQUIDATING DEBTORS' SEVENTEENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CERTAIN (I) MISCLASSIFIED CLAIMS AND (II) NO LIABILITY CLAIMS**

Upon the objection (the "Objection")[2] of Meta Advisors, Inc. as Plan Administrator on behalf of the Liquidating Debtors in the above-captioned case (the "Liquidating Debtors"), pursuant to sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, to certain Proofs of Claim listed on Schedule 1 (the "Misclassified Claims") and Schedule 2 (the "No Liability Claims") attached hereto filed by the claimants (the "Claimants"), and this Court having reviewed the Objection and the Kane Declaration; and this Court having determined that the relief requested in the Objection is in the best interests of the Liquidating Debtors, their

[1] The Liquidating Debtors, along with the last four digits of each Liquidating Debtor's United States federal tax identification number, if applicable, or other applicable identification number, are: Vitamin OldCo Holdings, Inc. (f/k/a GNC Holdings, Inc.) (6244); Vitamin OldCo, Inc. (f/k/a General Nutrition Corporation) (4574); Vitamin OldCo Investment Company (f/k/a General Nutrition Investment Company) (3878); Vitamin OldCo Lucky Corporation (f/k/a Lucky Oldco Corporation) (7141); Vitamin OldCo Headquarters LLC (f/k/a GNC Headquarters LLC) (7550); Vitamin OldCo Associates, Ltd. (f/k/a Gustine Seventh Avenue Associates, Ltd.) (0731); Vitamin OldCo Canada Holdings, Inc. (f/k/a GNC Canada Holdings, Inc.) (3879); Vitamin OldCo Centres Company (f/k/a General Nutrition Centres Company) (0939); and Vitamin OldCo Government Services, LLC (f/k/a GNC Government Services, LLC) (2226). On December 2, 2020, this Court entered the *Order and Final Decree Closing 11 Cases of Non-Lead Debtors* [Docket No. 1651], closing each of the Liquidating Debtors' chapter 11 cases other than the chapter 11 case of Vitamin OldCo Holdings, Inc. (f/k/a GNC Holdings, Inc.). The mailing address of the Liquidating Debtors, solely for purposes of notices and communications, is Vitamin OldCo Holdings, Inc. (f/k/a GNC Holdings, Inc.), c/o Meta Advisors, Inc., Attn: James S. Carr, 3 World Trade Center, 175 Greenwich Street, New York, NY 10007.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Objection.

estates, their creditors, and other parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and this Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Objection and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and this Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Objection has been given and that no other or further notice is necessary; and upon all of the proceedings before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Objection is SUSTAINED as set forth herein.

2. Any response to the Objection not otherwise withdrawn, resolved, or adjourned is hereby overruled on the merits.

3. Each of the Misclassified Claims listed in the column titled "Claim #" on the attached Schedule 1 is hereby reclassified and modified in accordance with the column headings labeled "Modified Claim" and "Reason for Modification" on the attached Schedule 1. The Misclassified Claims listed in the column titled "Modified Claim" on the attached Schedule 1 on the attached Schedule 1 shall remain on the Claims Register as modified, unless such Misclassified Claims are otherwise disallowed and/or modified by this Order or another order of this Court.

4. The No Liability Claims listed on Schedule 2 attached hereto are disallowed and expunged in their entirety.

5. The rights of the Plan Administrator and the Liquidating Debtors to: (i) file subsequent objections to any claims listed on the Schedules attached hereto on any ground, substantive or non-substantive (as permitted by the Court); (ii) amend, modify or supplement the Objection, including, without limitation, file objections to further amended or newly-filed claims; (iii) seek to expunge or reduce any claim to the extent all or a portion of such claim has been paid; and (iv) settle any claim for less than the asserted amount, are expressly preserved.

6. The objection to each claim, as addressed in the Objection and as set forth in the attached Schedule, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1. This Order shall be deemed a separate order with respect to each such claim that is the subject of the Objection. Any stay of this Order pending appeal by any Claimant whose claims are subject to this Order shall only apply to the contested matter that involves such Claimant and shall not act to stay the applicability and/or finality of this Order with respect to any other contested matters addressed in the Objection and this Order.

7. The Plan Administrator, the Liquidating Debtors and the Claims Agent are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

8. The Claims Agent is authorized and directed to modify the Claims Register to comport with the relief granted by this Order.

9. Nothing in this Order or the Objection is intended or shall be construed as a waiver of any rights the Plan Administrator or the Liquidating Debtors may have to enforce rights of setoff against the Claimants.

10. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

# SCHEDULE 1

## Misclassified Claims

# SEVENTEENTH OMNIBUS CLAIM OBJECTION
Schedule 1

**VITAMIN OLDCO HOLDINGS, INC, (F/K/A GNC HOLDINGS, INC.), CASE NO. 20-11662 (KBO)**
**MISCLASSIFIED CLAIMS**

| | NAME OF CLAIMANT | CLAIM NO. | ORIGINAL CLAIM | | MODIFIED CLAIM | | REASON FOR MODIFICATION |
|---|---|---|---|---|---|---|---|
| 1 | 2594 CALUMET TRACE, LLC | 4504 | Secured | Unliquidated | Secured | $ - | Claimant asserts the Claim is secured based on a statutory lien over fixtures, furniture, and other personal property. The Liquidating Debtors do not own or possess any fixtures, furniture, or personal property, and therefore the Claim is not secured by any assets of the Liquidating Debtors' estates. Claimant further improperly asserts the Claim is entitled to priority treatment pursuant to 11 U.S.C. § 507(a)(2). As a result, the Claim should be reclassified as a general unsecured |
| | | | Administrative Priority | $ 4,199.00 | Administrative Priority | $ - | |
| | | | General Unsecured | $ 53,088.25 | General Unsecured | $ 57,287.25 | |
| 2 | ALTOONA WATER AUTHORITY | 3246 | Secured | $ 82.02 | General Unsecured | $ 82.02 | The Claim does not provide a basis for or explanation of any security interest. As a result, the Claim should be reclassified as a general unsecured claim. |
| 3 | ANSE BERLUCHAUD LAND COMPANY, LLC | 809 | Secured | $ 7,333.92 | General Unsecured | $ 7,333.92 | Claimant asserts the Claim is secured based on lessor's privilege over movables in leased premises. The Liquidating Debtors do not own or possess any personal property, and therefore the Claim is not secured by any assets of the Liquidating Debtors' estates. As a result, the Claim should be reclassified as a general unsecured claim. |
| 4 | CITY OF WYOMING | 306 | Secured | $ 50.67 | General Unsecured | $ 50.67 | Claimant asserts the Claim is secured based on a statutory lien on real estate. The Liquidating Debtors do not own or possess any real estate, and therefore the Claim is not secured by any assets of the Liquidating Debtors' estates. As a result, the Claim should be reclassified as a general unsecured claim. |
| 5 | DATAMAX SYSTEMS SOLUTIONS, INC. | 111 | Secured | $ 15,513.82 | General Unsecured | $ 15,513.82 | Claimant asserts the Claim is secured by business equipment. The Liquidating Debtors do not own or possess any business equipment, and therefore the Claim is not secured by any assets of the Liquidating Debtors' estates. As a result, the Claim should be reclassified as a general unsecured claim. |
| 6 | DELTA CHARTER TOWNSHIP | 1262 | Secured | $ 112.16 | Secured | $ - | The Claim does not provide a basis for or explanation of any security interest. As a result, the Claim should be reclassified. |
| | | | Priority | $ 112.16 | Priority | $ 112.16 | |
| 7 | DIXIE K, LLC | 4503 | Secured | Unliquidated | Secured | $ - | Claimant asserts the Claim is secured based on a statutory lien over fixtures, furniture, and other personal property. The Liquidating Debtors do not own or possess any fixtures, furniture, or personal property, and therefore the Claim is not secured by any assets of the Liquidating Debtors' estates. Claimant further improperly asserts the Claim is entitled to priority treatment pursuant to 11 U.S.C. § 507(a)(2). As a result, the Claim should be reclassified as a general unsecured |
| | | | Administrative Priority | $ 4,199.00 | Administrative Priority | $ - | |
| | | | General Unsecured | $ 51,532.73 | General Unsecured | $ 55,731.73 | |
| 8 | ERIE WATER WORKS | 3705 | Secured | $ 289.35 | General Unsecured | $ 289.35 | The Claim does not provide a basis for or explanation of any security interest. As a result, the Claim should be reclassified. |
| 9 | IRONDEQUOIT TK OWNER LLC C/O JADD MANAGEMENT LLC | 1798 | Secured | $ 17,313.75 | General Unsecured | $ 17,313.75 | The Claim does not provide a basis for or explanation of any security interest. As a result, the Claim should be reclassified. |
| 10 | ISRAEL FAMILY REALTY COMPANY LLC | 3807 | Secured | $ 15,246.00 | Secured | $ - | Claimant asserts the Claim is secured based on a statutory lien on real estate. The Liquidating Debtors do not own or possess any real estate, and therefore the Claim is not secured by any assets of the Liquidating Debtors' estates. As a result, the Claim should be reclassified as a general unsecured claim. |
| | | | General Unsecured | $ 3,000.00 | General Unsecured | $ 18,246.00 | |
| 11 | ONE NASA LIMITED | 682 | Secured | $ 9,379.98 | General Unsecured | $ 9,379.98 | Claimant asserts the Claim is secured by personal property at the rental space. The Liquidating Debtors do not own or possess any personal property, and therefore the Claim is not secured by any assets of the Liquidating Debtors' estates. As a result, the Claim should be reclassified as a general unsecured claim. |
| 12 | PAVILION ON LOVERS LANE, LP | 3279 | Secured | $ 5,647.32 | General Unsecured | $ 5,647.32 | Claimant asserts the Claim is secured based on a statutory lien on real estate. The Liquidating Debtors do not own or possess any real estate, and therefore the Claim is not secured by any assets of the Liquidating Debtors' estates. As a result, the Claim should be reclassified as a general unsecured claim. |
| 13 | PCDF PROPERTIES, LLC | 3026 | Secured | $ 374.23 | Secured | $ - | Claimant asserts the Claim is secured based by personal property of the Debtor or Subtenant. The Liquidating Debtors do not own or possess any personal property, and therefore the Claim is not secured by any assets of the Liquidating Debtors' estates. As a result, the Claim should be reclassified as a general unsecured claim. |
| | | | General Unsecured | $ - | General Unsecured | $ 374.23 | |
| 14 | SHAPE PROPERTIES (DEERFOOT) CORP., DEERFOOT EQUITIES INC. AND SP GREEN PROPERTIES LIMITED PARTNERSHIP | 4053 | Secured | $ 596,094.90 | Secured | $ - | Claimant asserts the Claim is secured by all present and after acquired personal property. The Liquidating Debtors do not own or possess any personal property, and therefore the Claim is not secured by any assets of the Liquidating Debtors' estates. As a result, the Claim should be reclassified as a general unsecured claim. |
| | | | General Unsecured | $ - | General Unsecured | $ 596,094.90 | |
| 15 | SHAPE PROPERTIES (LOUGHEED) CORP. AND LTC EQUITIES INC. | 4040 | Secured | $ 1,423,308.43 | Secured | $ - | Claimant asserts the Claim is secured by all present and after acquired personal property. The Liquidating Debtors do not own or possess any personal property, and therefore the Claim is not secured by any assets of the Liquidating Debtors' estates. As a result, the Claim should be reclassified as a general unsecured claim. |
| | | | General Unsecured | $ - | General Unsecured | $ 1,423,308.43 | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 16 | VILLAGE OF MILFORD | 1829 | Secured | $ 180.20 | Secured | $ - | Claimant asserts the Claim is secured based on a lien on real estate. The Liquidating Debtors do not own or possess any real estate, and therefore the Claim is not secured by any assets of the Liquidating Debtors' estates. As a result, the Claim should be reclassified as a general unsecured claim. |
| | | | Administrative Priority | Unliquidated | Administrative Priority | $ 180.20 | |
| 17 | VINELAND MUNICIPAL ELECTRIC UTILITY | 514 | Secured | $ 600.15 | General Unsecured | $ 600.15 | Claimant asserts the Claim is secured based on a lien on real estate. The Liquidating Debtors do not own or possess any real estate, and therefore the Claim is not secured by any assets of the Liquidating Debtors' estates. As a result, the Claim should be reclassified as a general unsecured claim. |
| 18 | WLPX HESPERIA LLC | 3016 | Secured | $ 13,154.00 | General Unsecured | $ 13,154.00 | The Claim does not provide a basis for or explanation of any security interest. As a result, the Claim should be reclassified. |

# SCHEDULE 2

## No Liability Claims

# SEVENTEENTH OMNIBUS CLAIM OBJECTION
## Schedule 2

**VITAMIN OLDCO HOLDINGS, INC, (F/K/A GNC HOLDINGS, INC.), CASE NO. 20-11662 (KBO)**
**NO LIABILITY CLAIMS**

| | NAME OF CLAIMANT | CLAIM NO. | CLAIM AMOUNT | REASON FOR DISALLOWANCE |
|---|---|---|---|---|
| 1 | ALIEF INDEPENDENT SCHOOL DISTRICT | 3414 | $ 267.89 | Claim relates to a franchise and/or a subleased location, for which any remaining personal property tax liability is owed by the franchisees/sublessees, who were the owners of the relevant personal property, and not the Debtors. Claim was improperly filed against Debtors, and should be disallowed and expunged in its entirety. |
| 2 | ALIEF INDEPENDENT SCHOOL DISTRICT | 4105 | $ 976.15 | Claim relates to a franchise and/or a subleased location, for which any remaining personal property tax liability is owed by the franchisees/sublessees, who were the owners of the relevant personal property, and not the Debtors. Claim was improperly filed against Debtors, and should be disallowed and expunged in its entirety. |
| 3 | BRIDGESTONE MUNICIPAL UTILITY DISTRICT | 649 | $ 211.33 | Claim relates to a franchise and/or a subleased location, for which any remaining personal property tax liability is owed by the franchisees/sublessees, who were the owners of the relevant personal property, and not the Debtors. Claim was improperly filed against Debtors, and should be disallowed and expunged in its entirety. |
| 4 | CHAMBERS COUNTY TAX OFFICE | 454 | $ 883.49 | Claim relates to a franchise and/or a subleased location, for which any remaining personal property tax liability is owed by the franchisees/sublessees, who were the owners of the relevant personal property, and not the Debtors. Claim was improperly filed against Debtors, and should be disallowed and expunged in its entirety. |
| 5 | CITY OF HOUSTON | 623 | $ 134.73 | Claim relates to a franchise and/or a subleased location, for which any remaining personal property tax liability is owed by the franchisees/sublessees, who were the owners of the relevant personal property, and not the Debtors. Claim was improperly filed against Debtors, and should be disallowed and expunged in its entirety. |
| 6 | CITY OF MEMPHIS | 3539 | $ 65.20 | Claim relates to a franchise and/or a subleased location, for which any remaining personal property tax liability is owed by the franchisees/sublessees, who were the owners of the relevant personal property, and not the Debtors. Claim was improperly filed against Debtors, and should be disallowed and expunged in its entirety. |

| | | | | | |
|---|---|---|---|---|---|
| 7 | CLARK COUNTY ASSESSOR'S OFFICE | 4515 | $ | 369.58 | Claim relates to a franchise and/or a subleased location, for which any remaining personal property tax liability is owed by the franchisees/sublessees, who were the owners of the relevant personal property, and not the Debtors. Claim was improperly filed against Debtors, and should be disallowed and expunged in its entirety. |
| 8 | GALVESTON COUNTY | 228 | $ | 252.45 | Claim relates to a franchise and/or a subleased location, for which any remaining personal property tax liability is owed by the franchisees/sublessees, who were the owners of the relevant personal property, and not the Debtors. Claim was improperly filed against Debtors, and should be disallowed and expunged in its entirety. |
| 9 | GENERATION PARK MANAGEMENT DISTRICT | 610 | $ | 509.33 | Claim relates to a franchise and/or a subleased location, for which any remaining personal property tax liability is owed by the franchisees/sublessees, who were the owners of the relevant personal property, and not the Debtors. Claim was improperly filed against Debtors, and should be disallowed and expunged in its entirety. |
| 10 | GRAYSON CAD | 337 | $ | 438.51 | Claim relates to a franchise and/or a subleased location, for which any remaining personal property tax liability is owed by the franchisees/sublessees, who were the owners of the relevant personal property, and not the Debtors. Claim was improperly filed against Debtors, and should be disallowed and expunged in its entirety. |
| 11 | HARRIS COUNTY MUNICIPAL UTILITY DISTRICT #132 | 629 | $ | 19.22 | Claim relates to a franchise and/or a subleased location, for which any remaining personal property tax liability is owed by the franchisees/sublessees, who were the owners of the relevant personal property, and not the Debtors. Claim was improperly filed against Debtors, and should be disallowed and expunged in its entirety. |
| 12 | HARRIS COUNTY MUNICIPAL UTILITY DISTRICT #346 | 4103 | $ | 16.00 | Claim relates to a franchise and/or a subleased location, for which any remaining personal property tax liability is owed by the franchisees/sublessees, who were the owners of the relevant personal property, and not the Debtors. Claim was improperly filed against Debtors, and should be disallowed and expunged in its entirety. |
| 13 | HARRIS COUNTY MUNICIPAL UTILITY DISTRICT #358 & HARRIS COUNTY WATER CONTROL & IMPROVEMENT DIST. #155 | 622 | $ | 415.69 | Claim relates to a franchise and/or a subleased location, for which any remaining personal property tax liability is owed by the franchisees/sublessees, who were the owners of the relevant personal property, and not the Debtors. Claim was improperly filed against Debtors, and should be disallowed and expunged in its entirety. |

| | | | | | |
|---|---|---|---|---|---|
| 14 | HARRIS COUNTY MUNICIPAL UTILITY DISTRICT #468 | 3559 | $ | 182.88 | Claim relates to a franchise and/or a subleased location, for which any remaining personal property tax liability is owed by the franchisees/sublessees, who were the owners of the relevant personal property, and not the Debtors. Claim was improperly filed against Debtors, and should be disallowed and expunged in its entirety. |
| 15 | HILLSBOROUGH COUNTY TAX COLLECTOR | 4425 | $ | 485.31 | Claim relates to a franchise and/or a subleased location, for which any remaining personal property tax liability is owed by the franchisees/sublessees, who were the owners of the relevant personal property, and not the Debtors. Claim was improperly filed against Debtors, and should be disallowed and expunged in its entirety. |
| 16 | HILLSBOROUGH COUNTY TAX COLLECTOR | 4435 | $ | 485.31 | Claim relates to a franchise and/or a subleased location, for which any remaining personal property tax liability is owed by the franchisees/sublessees, who were the owners of the relevant personal property, and not the Debtors. Claim was improperly filed against Debtors, and should be disallowed and expunged in its entirety. |
| 17 | INTERSTATE MUNICIPAL UTILITY DISTRICT | 4102 | $ | 35.35 | Claim relates to a franchise and/or a subleased location, for which any remaining personal property tax liability is owed by the franchisees/sublessees, who were the owners of the relevant personal property, and not the Debtors. Claim was improperly filed against Debtors, and should be disallowed and expunged in its entirety. |
| 18 | KLEIN INDEPENDENT SCHOOL DISTRICT | 632 | $ | 552.72 | Claim relates to a franchise and/or a subleased location, for which any remaining personal property tax liability is owed by the franchisees/sublessees, who were the owners of the relevant personal property, and not the Debtors. Claim was improperly filed against Debtors, and should be disallowed and expunged in its entirety. |
| 19 | LA PORTE INDEPENDENT SCHOOL DISTRICT | 4087 | $ | 371.61 | Claim relates to a franchise and/or a subleased location, for which any remaining personal property tax liability is owed by the franchisees/sublessees, who were the owners of the relevant personal property, and not the Debtors. Claim was improperly filed against Debtors, and should be disallowed and expunged in its entirety. |
| 20 | MISSION BEND MUNICIPAL UTILITY DISTRICT #1 | 4104 | $ | 186.72 | Claim relates to a franchise and/or a subleased location, for which any remaining personal property tax liability is owed by the franchisees/sublessees, who were the owners of the relevant personal property, and not the Debtors. Claim was improperly filed against Debtors, and should be disallowed and expunged in its entirety. |

| | | | | |
|---|---|---|---|---|
| 21 | ROCKWALL CAD | 4063 | $ 405.64 | Claim relates to a franchise and/or a subleased location, for which any remaining personal property tax liability is owed by the franchisees/sublessees, who were the owners of the relevant personal property, and not the Debtors. Claim was improperly filed against Debtors, and should be disallowed and expunged in its entirety. |
| 22 | SCOTT RANDOLPH, ORANGE COUNTY TAX COLLECTOR | 1272 | $ 428.26 | Claim relates to a franchise and/or a subleased location, for which any remaining personal property tax liability is owed by the franchisees/sublessees, who were the owners of the relevant personal property, and not the Debtors. Claim was improperly filed against Debtors, and should be disallowed and expunged in its entirety. |
| 23 | SCOTT RANDOLPH, ORANGE COUNTY TAX COLLECTOR | 1273 | $ 129.99 | Claim relates to a franchise and/or a subleased location, for which any remaining personal property tax liability is owed by the franchisees/sublessees, who were the owners of the relevant personal property, and not the Debtors. Claim was improperly filed against Debtors, and should be disallowed and expunged in its entirety. |
| 24 | SHELBY COUNTY TRUSTEE | 3520 | $ 70.47 | Claim relates to a franchise and/or a subleased location, for which any remaining personal property tax liability is owed by the franchisees/sublessees, who were the owners of the relevant personal property, and not the Debtors. Claim was improperly filed against Debtors, and should be disallowed and expunged in its entirety. |
| 25 | SHELBY COUNTY TRUSTEE | 3549 | $ 97.20 | Claim relates to a franchise and/or a subleased location, for which any remaining personal property tax liability is owed by the franchisees/sublessees, who were the owners of the relevant personal property, and not the Debtors. Claim was improperly filed against Debtors, and should be disallowed and expunged in its entirety. |
| 26 | SHELBY COUNTY TRUSTEE | 3553 | $ 82.62 | Claim relates to a franchise and/or a subleased location, for which any remaining personal property tax liability is owed by the franchisees/sublessees, who were the owners of the relevant personal property, and not the Debtors. Claim was improperly filed against Debtors, and should be disallowed and expunged in its entirety. |
| 27 | SHELBY COUNTY TRUSTEE | 3561 | $ 143.37 | Claim relates to a franchise and/or a subleased location, for which any remaining personal property tax liability is owed by the franchisees/sublessees, who were the owners of the relevant personal property, and not the Debtors. Claim was improperly filed against Debtors, and should be disallowed and expunged in its entirety. |

| | | | | | |
|---|---|---|---|---|---|
| 28 | SPRING INDEPENDENT SCHOOL DISTRICT | 605 | $ | 419.47 | Claim relates to a franchise and/or a subleased location, for which any remaining personal property tax liability is owed by the franchisees/sublessees, who were the owners of the relevant personal property, and not the Debtors. Claim was improperly filed against Debtors, and should be disallowed and expunged in its entirety. |
| 29 | SPRING INDEPENDENT SCHOOL DISTRICT | 3375 | $ | 348.18 | Claim relates to a franchise and/or a subleased location, for which any remaining personal property tax liability is owed by the franchisees/sublessees, who were the owners of the relevant personal property, and not the Debtors. Claim was improperly filed against Debtors, and should be disallowed and expunged in its entirety. |
| 30 | TEXAS CITY ISD | 238 | $ | 608.60 | Claim relates to a franchise and/or a subleased location, for which any remaining personal property tax liability is owed by the franchisees/sublessees, who were the owners of the relevant personal property, and not the Debtors. Claim was improperly filed against Debtors, and should be disallowed and expunged in its entirety. |
| 31 | VALLEY RANCH TOWN CENTER MANAGEMENT DISTRICT | 462 | $ | 302.83 | Claim relates to a franchise and/or a subleased location, for which any remaining personal property tax liability is owed by the franchisees/sublessees, who were the owners of the relevant personal property, and not the Debtors. Claim was improperly filed against Debtors, and should be disallowed and expunged in its entirety. |
| 32 | WEST HARRIS COUNTY MUNICIPAL UTILITY DISTRICT #2 | 1312 | $ | 311.00 | Claim relates to a franchise and/or a subleased location, for which any remaining personal property tax liability is owed by the franchisees/sublessees, who were the owners of the relevant personal property, and not the Debtors. Claim was improperly filed against Debtors, and should be disallowed and expunged in its entirety. |