**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| Vitamin OldCo Holdings, Inc., (f/k/a GNC Holdings, Inc.), *et al.*, | ) Case No. 20-11662 (KBO) |
| | ) (Substantively Consolidated) |
| Liquidating Debtors. | ) |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS AND METHODOLOGY REGARDING POST-CONFIRMATION REPORT FOR THE QUARTER ENDED JUNE 30, 2026**

Vitamin OldCo Holdings, Inc. (f/k/a GNC Holdings, Inc.), together with its affiliated debtors (the "Liquidating Debtors")[1] in the above-captioned case (the "Chapter 11 Case") has filed the attached post-confirmation report (the "PCR")[2] in the United States Bankruptcy Court for the District of Delaware (the "Court"). Meta Advisors, Inc., in its capacity as Plan Administrator (the "Plan Administrator") and authorized representative of the Liquidating Debtors, prepared the PCR with the assistance of its advisors and professionals. The PCR was prepared solely for the purpose of complying with the post-confirmation quarterly reporting requirements established by the United States Trustee Program (*see https://www.justice.gov/ust/chapter-11-operating-reports*). The PCR should not be relied upon by any persons for any information in connection with current or future financial conditions or events relating to the Liquidating Debtors or their estates.

The financial information contained in the PCR is preliminary, unaudited, limited in scope, and is not prepared in accordance with accounting principles generally accepted in the United States of America nor in accordance with other applicable non-bankruptcy law. In preparing the PCR, the Plan Administrator relied on financial data from the books and records available to it at the time of such preparation, as well as certain filings on the docket in the Chapter 11 Case. Although the Plan Administrator made commercially reasonable efforts to ensure the accuracy and completeness of the PCR, inadvertent errors or omissions may exist.

The Liquidating Debtors and Plan Administrator reserve the right to amend and supplement the PCR as may be necessary or appropriate.

[1] Because the Liquidating Debtors' estates were substantively consolidated under the confirmed Plan (as defined below), the Chapter 11 Case of only one Liquidating Debtor, Vitamin OldCo Holdings, Inc., remains open. Consequently, this is the only Post-Confirmation Report that will be filed for the current reporting period.

[2] The current form of PCR was promulgated by the United States Trustee Program and mandated for use beginning in the second calendar quarter of 2021.

**Part 1: Summary of Post-Confirmation Transfers**

Disbursements for the second calendar quarter of 2026 amounted to approximately $139,674.03, which would correspond to United States Trustee fees in the amount of $558.70. However, because the Liquidating Debtors have a credit balance with respect to United States Trustee fees that exceeds $558.70, no fees currently are payable.

**Part 2: Pre-Confirmation Professional Fees and Expenses**

The *Seventh Amended Joint Chapter 11 Plan of Reorganization of GNC Holdings and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 1415-1] (the "Plan")[3] was confirmed by order of the Court entered on October 14, 2020 [Docket No. 1415] and became effective on October 30, 2020 (the "Effective Date"). On the Effective Date, the Plan Administrator was appointed to act in accordance with the terms of the Plan and the Plan Administrator Agreement (as defined in the Plan).

Part 2a

Information regarding cumulative pre-confirmation professional fees and expenses included in Part 2a of the PCR, comprising professionals of both the pre-Effective Date Debtors and the Official Committee of Unsecured Creditors, primarily is derived from the orders approving final fee applications in the Chapter 11 Case [Docket Nos. 1729, 1730 and 1743]. The Plan Administrator paid a portion of these approved fees and expenses, *i.e.*, to the extent that they were approved or came due subsequent to the Effective Date and the Plan Administrator's appointment. The Plan Administrator understands that the pre-Effective Date Debtors paid the balance of the approved fees prior to the Effective Date. No payments were made during the current reporting period.

Part 2b

The Plan Administrator has not made any payments on account of pre-confirmation fees and expenses to any non-bankruptcy or ordinary course professionals during the current reporting period. The information reflected in this section of the PCR is derived from the *Notice of Filing of Payment Summary Report of Ordinary Course Professionals* filed in the Chapter 11 Case on October 29, 2020 [Docket No. 1491]. The Plan Administrator has no independent personal knowledge of such payments.

It is the Plan Administrator's understanding that, from and after the Effective Date, any post-petition fees or expenses of ordinary course professionals that remained unpaid and came due were paid by the purchaser or its designee (the "Buyer") under that certain Stalking Horse Agreement dated as of August 7, 2020 (as amended, modified, or supplemented from time to time) (the "APA") by and between GNC Holdings, Inc. and certain of its subsidiaries, on the one hand, and Harbin Pharmaceutical Group Holding Co., Ltd., on the other hand, which APA was approved pursuant to an order of the Court entered on September 18, 2020 (the "Sale Order") [Docket No.

[3] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan.

1202]. Payments made by the Buyer to ordinary course professionals pursuant to the terms of the APA are not reflected in the PCR.

**Part 3: Recoveries of the Holders of Claims and Interests Under Confirmed Plan**

"Total Anticipated Payments Under Plan" are unknown at this time and will depend on, among other things: (i) continuing claims reconciliation efforts and the resultant final allowed amount of such claims; and (ii) particularly as to unsecured claims, (a) receipt of payment on account of the Class 4 Notes (as defined in the Plan) scheduled to mature in 2028 and (b) the administrative expenses of the Plan Administrator and/or the Liquidating Debtors' estates. During the current reporting period, no distributions to creditors were made.

The claims reconciliation process is ongoing and, as such, reporting with respect to the anticipated total amount of "Allowed Claims" of all priority levels is not possible at this time. Accordingly, reported in Part 3 of the PCR under the heading "Allowed Claims" is, and will in the future reflect, information regarding claims on a cumulative basis (i) that are allowed and not subject to further objection; (ii) where required, whose holders have provided requested tax identification documentation (IRS Form W-8 or Form W-9); and (iii) as to which distributions were sent and cleared prior to the close of the current reporting period. Claims that are currently disputed or that have not yet been reconciled, or whose holders have not provided requested tax identification documentation, are not reflected in the PCR as Allowed Claims or otherwise and, therefore, the final Allowed Claims pool likely will be higher than as reflected herein. As and when disputed claims (including unreconciled claims) become allowed, they will be added to the Allowed Claims total.

Liabilities related to certain former creditors of the Debtors were assumed by the Buyer under the APA. The Plan Administrator expects that such liabilities will be satisfied or otherwise resolved by the Buyer directly or from the escrow accounts established and administered by the Plan Administrator for that purpose. In addition, the Plan contemplates that the Liquidating Debtor will remit surplus funds in certain Plan escrow accounts to the Buyer for further transmittal to the lenders under the Second Lien Term Loan Credit Agreement, in repayment of the Second Lien Loans issued by the Buyer to former secured creditors of the Debtors. Any payments by the Buyer in satisfaction of liabilities assumed by the Buyer, or other payments made by the Liquidating Debtor on the Buyer's behalf out of Plan escrows, are not reflected in the PCR and will not be reflected in this report or future reports.[4]

Pursuant to the Plan, no distributions will be made on account of equity interests.

**Part 4: Questionnaire**

The inclusion of the December 31, 2026 date in Part 4 is a placeholder. The Plan Administrator cannot currently anticipate, with any degree of certainty, when the application for a Final Decree closing the Chapter 11 Case may be filed.

---

[4] *See* footnote 4 to the *Global Notes and Statement of Limitations, Methodology and Disclaimers Regarding Post-Confirmation Report for the Quarter Ended December 31, 2021* [Docket No. 1985].

UNITED STATES BANKRUPTCY COURT

DISTRICT OF DELAWARE

In re: Vitamin OldCo Holdings, Inc. et al. §
§
§
Debtor(s) §

Case No. 20-11662

Lead Case No. 20-11662

☒ Jointly Administered

# Post-confirmation Report

Chapter 11

Quarter Ending Date: 06/30/2026

Petition Date: 06/23/2020

Plan Confirmed Date: 10/14/2020

Plan Effective Date: 10/30/2020

This Post-confirmation Report relates to: ○ Reorganized Debtor

◉ Other Authorized Party or Entity: Vitamin OldCo Holdings, Inc. (Liquidating

Name of Authorized Party or Entity

/s/ Jennifer R. Hoover
Signature of Responsible Party

07/13/2026
Date

Jennifer R. Hoover
Printed Name of Responsible Party

Benesch, Friedlander, Coplan & Aronoff LLP
1313 North Market Street, Suite 1201
Wilmington, DE 19801
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

Debtor's Name Vitamin OldCo Holdings, Inc. et al. Case No. 20-11662

## Part 1: Summary of Post-confirmation Transfers

| | Current Quarter | Total Since Effective Date |
|---|---|---|
| a. Total cash disbursements | $139,674 | $25,721,647 |
| b. Non-cash securities transferred | $0 | $0 |
| c. Other non-cash property transferred | $0 | $0 |
| d. Total transferred (a+b+c) | $139,674 | $25,721,647 |

## Part 2: Preconfirmation Professional Fees and Expenses

| | | | | Approved Current | Approved Cumulative | Paid Current Quarter | Paid Cumulative |
|---|---|---|---|---|---|---|---|
| a. | Professional fees & expenses (bankruptcy) incurred by or on behalf of the debtor *Aggregate Total* | | | $0 | $44,150,081 | $0 | $44,150,081 |
| | *Itemized Breakdown by Firm* | | | | | | |
| | | Firm Name | Role | | | | |
| | i | A&G Realty Partners | Other | $0 | $8,406,297 | $0 | $8,406,297 |
| | ii | Bayard, P.A. | Local Counsel | $0 | $137,563 | $0 | $137,563 |
| | iii | Berkeley Research Group, LLC | Financial Professional | $0 | $1,067,030 | $0 | $1,067,030 |
| | iv | Borden Ladner Gervais LLP | Special Counsel | $0 | $21,513 | $0 | $21,513 |
| | v | Direct Fee Review LLC | Other | $0 | $5,648 | $0 | $5,648 |
| | vi | Evercore Group L.L.C. | Financial Professional | $0 | $4,647,838 | $0 | $4,647,838 |
| | vii | Houlihan Lokey Capital, Inc. | Financial Professional | $0 | $502 | $0 | $502 |
| | viii | FTI Consulting, Inc. | Financial Professional | $0 | $4,172,442 | $0 | $4,172,442 |
| | ix | Latham & Watkins LLP | Lead Counsel | $0 | $13,833,749 | $0 | $13,833,749 |
| | x | Lowenstein Sandler LLP | Lead Counsel | $0 | $3,289,804 | $0 | $3,289,804 |
| | xi | Pricewaterhouse Coopers LLC | Other | $0 | $2,502,639 | $0 | $2,502,639 |
| | xii | Prime Clerk LLC | Other | $0 | $121,514 | $0 | $121,514 |
| | xiii | Riveron Consulting, LLC | Other | $0 | $503,480 | $0 | $503,480 |
| | xiv | Tiger Group | Other | $0 | $87,894 | $0 | $87,894 |
| | xv | Torys LLP | Special Counsel | $0 | $680,535 | $0 | $680,535 |
| | xvi | Young Conaway Stargatt & Tay | Local Counsel | $0 | $1,508,493 | $0 | $1,508,493 |
| | xvii | Lax O'Sullivan Lisus Gottlieb LL | Co-Counsel | $0 | $10,001 | $0 | $10,001 |
| | xviii | MPA Inc. | Other | $0 | $1,261,690 | $0 | $1,261,690 |
| | xix | Miller Buckfire & Co., L.L.C./St | Financial Professional | $0 | $1,891,448 | $0 | $1,891,448 |
| | xx | | | | | | |
| | xxi | | | | | | |
| | xxii | | | | | | |
| | xxiii | | | | | | |
| | xxiv | | | | | | |
| | xxv | | | | | | |
| | xxvi | | | | | | |
| | xxvii | | | | | | |
| | xxviii | | | | | | |
| | xxix | | | | | | |

Debtor's Name Vitamin OldCo Holdings, Inc. et al. Case No. 20-11662

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | xxx | | | | | | |
| | xxxi | | | | | | |
| | xxxii | | | | | | |
| | xxxiii | | | | | | |
| | xxxiv | | | | | | |
| | xxxv | | | | | | |
| | xxxvi | | | | | | |
| | xxxvii | | | | | | |
| | xxxviii | | | | | | |
| | xxxix | | | | | | |
| | xl | | | | | | |
| | xli | | | | | | |
| | xlii | | | | | | |
| | xliii | | | | | | |
| | xliv | | | | | | |
| | xlv | | | | | | |
| | xlvi | | | | | | |
| | xlvii | | | | | | |
| | xlviii | | | | | | |
| | xlix | | | | | | |
| | l | | | | | | |
| | li | | | | | | |
| | lii | | | | | | |
| | liii | | | | | | |
| | liv | | | | | | |
| | lv | | | | | | |
| | lvi | | | | | | |
| | lvii | | | | | | |
| | lviii | | | | | | |
| | lix | | | | | | |
| | lx | | | | | | |
| | lxi | | | | | | |
| | lxii | | | | | | |
| | lxiii | | | | | | |
| | lxiv | | | | | | |
| | lxv | | | | | | |
| | lxvi | | | | | | |
| | lxvii | | | | | | |
| | lxviii | | | | | | |
| | lxix | | | | | | |
| | lxx | | | | | | |
| | lxxi | | | | | | |

Debtor's Name Vitamin OldCo Holdings, Inc. et al. Case No. 20-11662

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | lxxii | | | | | | |
| | lxxiii | | | | | | |
| | lxxiv | | | | | | |
| | lxxv | | | | | | |
| | lxxvi | | | | | | |
| | lxxvii | | | | | | |
| | lxxviii | | | | | | |
| | lxxix | | | | | | |
| | lxxx | | | | | | |
| | lxxxi | | | | | | |
| | lxxxii | | | | | | |
| | lxxxiii | | | | | | |
| | lxxxiv | | | | | | |
| | lxxxv | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxvii | | | | | | |
| | lxxxvii | | | | | | |
| | lxxxix | | | | | | |
| | xc | | | | | | |
| | xci | | | | | | |
| | xcii | | | | | | |
| | xciii | | | | | | |
| | xciv | | | | | | |
| | xcv | | | | | | |
| | xcvi | | | | | | |
| | xcvii | | | | | | |
| | xcviii | | | | | | |
| | xcix | | | | | | |
| | c | | | | | | |
| | ci | | | | | | |

| | | | | Approved Current | Approved Cumulative | Paid Current Quarter | Paid Cumulative |
|---|---|---|---|---|---|---|---|
| b. | Professional fees & expenses (nonbankruptcy) incurred by or on behalf of the debtor *Aggregate Total* | | | $0 | $123,222 | $0 | $123,222 |
| | *Itemized Breakdown by Firm* | | | | | | |
| | | Firm Name | Role | | | | |
| | i | BAKER & MCKENZIE | Special Counsel | $0 | $1,395 | $0 | $1,395 |
| | ii | BUCHANAN INGERSOLL & R | Special Counsel | $0 | $12,829 | $0 | $12,829 |
| | iii | DELOITTE & TOUCHE LLP | Other | $0 | $22,703 | $0 | $22,703 |
| | iv | DENTONS US LLP | Special Counsel | $0 | $3,259 | $0 | $3,259 |
| | v | HYMAN PHELPS & MCNAMA | Special Counsel | $0 | $2,565 | $0 | $2,565 |
| | vi | JEC LAW FIRM PA | Special Counsel | $0 | $19,425 | $0 | $19,425 |

Debtor's Name Vitamin OldCo Holdings, Inc. et al. Case No. 20-11662

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | vii | LITTLER MENDELSON | Special Counsel | $0 | $1,000 | $0 | $1,000 |
| | viii | NATIONWIDE CONSULTING | Other | $0 | $55,385 | $0 | $55,385 |
| | ix | REED SMITH LLP | Special Counsel | $0 | $1,873 | $0 | $1,873 |
| | x | VORYS SATER SEYMOUR AN | Special Counsel | $0 | $1,984 | $0 | $1,984 |
| | xi | COZEN & O'CONNOR | Special Counsel | $0 | $804 | $0 | $804 |
| | xii | | | | | | |
| | xiii | | | | | | |
| | xiv | | | | | | |
| | xv | | | | | | |
| | xvi | | | | | | |
| | xvii | | | | | | |
| | xviii | | | | | | |
| | xix | | | | | | |
| | xx | | | | | | |
| | xxi | | | | | | |
| | xxii | | | | | | |
| | xxiii | | | | | | |
| | xxiv | | | | | | |
| | xxv | | | | | | |
| | xxvi | | | | | | |
| | xxvii | | | | | | |
| | xxviii | | | | | | |
| | xxix | | | | | | |
| | xxx | | | | | | |
| | xxxi | | | | | | |
| | xxxii | | | | | | |
| | xxxiii | | | | | | |
| | xxxiv | | | | | | |
| | xxxv | | | | | | |
| | xxxvi | | | | | | |
| | xxxvii | | | | | | |
| | xxxviii | | | | | | |
| | xxxix | | | | | | |
| | xl | | | | | | |
| | xli | | | | | | |
| | xlii | | | | | | |
| | xliii | | | | | | |
| | xliv | | | | | | |
| | xlv | | | | | | |
| | xlvi | | | | | | |
| | xlvii | | | | | | |
| | xlviii | | | | | | |

Debtor's Name Vitamin OldCo Holdings, Inc. et al. Case No. 20-11662

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | xlix | | | | | | |
| | l | | | | | | |
| | li | | | | | | |
| | lii | | | | | | |
| | liii | | | | | | |
| | liv | | | | | | |
| | lv | | | | | | |
| | lvi | | | | | | |
| | lvii | | | | | | |
| | lviii | | | | | | |
| | lix | | | | | | |
| | lx | | | | | | |
| | lxi | | | | | | |
| | lxii | | | | | | |
| | lxiii | | | | | | |
| | lxiv | | | | | | |
| | lxv | | | | | | |
| | lxvi | | | | | | |
| | lxvii | | | | | | |
| | lxviii | | | | | | |
| | lxix | | | | | | |
| | lxx | | | | | | |
| | lxxi | | | | | | |
| | lxxii | | | | | | |
| | lxxiii | | | | | | |
| | lxxiv | | | | | | |
| | lxxv | | | | | | |
| | lxxvi | | | | | | |
| | lxxvii | | | | | | |
| | lxxviii | | | | | | |
| | lxxix | | | | | | |
| | lxxx | | | | | | |
| | lxxxi | | | | | | |
| | lxxxii | | | | | | |
| | lxxxiii | | | | | | |
| | lxxxiv | | | | | | |
| | lxxxv | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxvii | | | | | | |
| | lxxxvii | | | | | | |
| | lxxxix | | | | | | |
| | xc | | | | | | |

Debtor's Name Vitamin OldCo Holdings, Inc. et al. Case No. 20-11662

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | xci | | | | | | |
| | xcii | | | | | | |
| | xciii | | | | | | |
| | xciv | | | | | | |
| | xcv | | | | | | |
| | xcvi | | | | | | |
| | xcvii | | | | | | |
| | xcviii | | | | | | |
| | xcix | | | | | | |
| | c | | | | | | |
| | ci | | | | | | |
| c. | All professional fees and expenses (debtor & committees) | | | $0 | $44,273,023 | $0 | $44,273,023 |

**Part 3: Recoveries of the Holders of Claims and Interests under Confirmed Plan**

| | Total Anticipated Payments Under Plan | Paid Current Quarter | Paid Cumulative | Allowed Claims | % Paid of Allowed Claims |
|---|---|---|---|---|---|
| a. Administrative claims | $0 | $0 | $0 | $0 | 0% |
| b. Secured claims | $0 | $0 | $88,711 | $88,711 | 100% |
| c. Priority claims | $0 | $0 | $0 | $0 | 0% |
| d. General unsecured claims | $0 | $0 | $0 | $0 | 0% |
| e. Equity interests | $0 | $0 | $0 | | |

**Part 4: Questionnaire**

a. Is this a final report? Yes ◯ No ◉

If yes, give date Final Decree was entered:

If no, give date when the application for Final Decree is anticipated: 12/31/2026

b. Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? Yes ◉ No ◯

Debtor's Name Vitamin OldCo Holdings, Inc. et al. Case No. 20-11662

**Privacy Act Statement**

28 U.S.C. § 589b authorizes the collection of this information and provision of this information is mandatory. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6) and to otherwise evaluate whether a reorganized chapter 11 debtor is performing as anticipated under a confirmed plan. Disclosure of this information may be to a bankruptcy trustee when the information is needed to perform the trustee's duties, or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case, or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Post-confirmation Report and its attachments, if any, are true and correct and that I have been authorized to sign this report.**

/s/ Grace Marie Codispoti
Signature of Responsible Party

Meta Advisors, Inc. by Grace Marie Codispoti
Printed Name of Responsible Party

Plan Administrator
Title

07/13/2026
Date

Debtor's Name Vitamin OldCo Holdings, Inc. et al. Case No. 20-11662

Page 1

Other Page 1

Page 2 Minus Tables

Bankruptcy Table 1-50

Debtor's Name Vitamin OldCo Holdings, Inc. et al. Case No. 20-11662

Bankruptcy Table 51-100

Non-Bankruptcy Table 1-50

Non-Bankruptcy Table 51-100

Part 3, Part 4, Last Page